IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Carroll, Warden, et al., | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Defendants. | ) | Trial by Jury Demanded |
| | ) | |
| | ) | |
| | ) | |

**STATE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

**<u>STATEMENT OF FACTS</u>**

1.  Kevin Brathwaite, (hereinafter "Plaintiff") is an inmate incarcerated within the Delaware Department of Correction (hereinafter "DOC") at the Delaware Correctional Center (hereinafter "DCC") in Smyrna, Delaware.

2.  On or about December 22, 2004, Plaintiff's Complaint was filed in the District Court of Delaware against Defendants Thomas Carroll, Betty Burris, David Pierce, David Holman, Anthony Rendina, Cathy Malay, William Yoder, Larry Savage, Marcello Rispoli, Robert Wallace, David Phillips, Matt Stevenson. Stephanie Carpenter, Bambi Thomas, Edwin Nkowpara, Lise Merson, (hereinafter "State Defendants"), and First Correctional Medical, Inc., and Nurse Kera (hereinafter "Medical Defendants"), alleging causes of action pursuant to 42 U.S.C. §1983. (D.I. 2, Complaint, *passim*).

3.  On or about March 21, 2005, Plaintiff amended his complaint to add additional defendants Charles Cunningham, Godwin, Lovett, V. Dunn, Don Overmeyer, ("State Defendants"), and Nurse Bob Harris, Dr. Raman, and Nurse Amy Whittle

1

("Medical Defendants"). (D.I. 9, Amended Complaint, *passim*).

4.   Commencing on or about May 25, 2005, waivers of service returned executed as to State Defendants Carroll, Rendina, Savage, Malay, Pierce, Merson, Rispoli and Cunningham. (D.I. 14-21). On July 11, 2005, waivers also returned executed as to Defendants Burris and Carpenter. (D.I. 25 and 26). To date, no service has been made on State Defendants Holman, Yoder, Wallace, Phillips, Stevenson, Thomas, Nkowpara, Godwin, Lovett, Dunn or Overmeyer.

5.   Plaintiff is alleging that on October 9, 2004, at approximately 9:00 a.m. Defendant Wallace entered his cell and "told [him] to strip." D.I. 2. Plaintiff alleges that he took off his clothing and handed them to Wallace. However, Plaintiff complains, when Wallace ordered Plaintiff to turn around to be handcuffed so that Wallace could conduct a cell search, Plaintiff refused and demanded that a Lieutenant be present. Id. Plaintiff alleges Wallace, in turn, stated "I ain't playing no f---king (expletive) games with you," then sprayed Plaintiff with mace and exited the cell. Id. He then alleges that Wallace ordered Correction officer Lombardi to open the cell-door food flap wherein Wallace emptied his can of mace into Plaintiff's face and body. Plaintiff alleges that after the can of mace was emptied, Wallace, along with Defendants Stevenson and Phillips extracted him from the cell wrapped only in a green towel. Id. Plaintiff claims that during the cell extraction, those Defendants commenced to kick, punch, and stomp on him while his hands were cuffed behind his back as he lay on the floor. Id. Plaintiff states that he was led to building #20, another housing area. In addition, Plaintiff alleges that while he was in building #20, Defendant Nurse Kera visited him and poured "two cartons of milk over my head and face to get the mace out of my eyes." Id. Plaintiff also alleges that

Defendant Yoder appeared and when Plaintiff told him that the officers had assaulted him, responded "you look ok to me." Id.

6.     Plaintiff further alleges that he was taken to building #18 which he describes as "the hole" and told he would remain for 15 days. Id. Plaintiff alleges that at sometime after the 8 a.m. through 4 p.m. shift change, he attempted to commit suicide by tying his bed-sheet to the light fixture and hanging himself. Id. Plaintiff alleges that when Defendant Carpenter observed Plaintiff hanging from the light fixture, she "stood outside my door with approx. 6 officers she then opened my door, and instead of ordering the officers to come to my aide, she sprayed me in my face with mace." Id. Nurse Holly was called to examine Plaintiff and directed Defendant Rispoli to remove Plaintiff's sheets and mattress. Id. Plaintiff further alleges that 2 hours later he was transferred to the infirmary and placed on suicide watch. Id. Plaintiff alleges that Nurse Brenda Holwerda, documented injuries he sustained during the assault. Id. He alleges that on the next day, Nurse Ellen documented his injuries again. Id. Plaintiff alleges that he sustained "a swollen eye, swollen jaw, two busted and lacerated lips, three loose teeth on the bottom, two loose teeth on the top, bruises on my arms and my back, three cracked ribs, bruised elbow, front shoulder bruised, swollen head left side, bruised shoulders top and back, cut on face under left eye, and scraped and bruised knees." Id.

7.     Plaintiff further contends on October 11, 2004, Dr. Rodger examined him. Plaintiff's complaint fails to explain the examination or its outcome. Without any support for his assertions, Plaintiff claims that he wrote letters to Defendants Carroll and Burris, and that he filed a medical grievance against Nurse Kera "when she refused to contact the Mental Health department when this inmate told her that he was going to kill

3

himself." Id. Plaintiff claims that several lieutenants were notified that his injuries, as alleged, needed to be photographed to no avail. Plaintiff alleges that he filed a grievance related to this incident which was forwarded to Defendant Holman for follow-up investigation. Id. Plaintiff alleges, however, "I was never questioned to give a statement, nor did I have a chance to give the names of witnesses. Major Holman did absolutely nothing." Id.

8.  On October 22, 2004, while still housed in the infirmary, Plaintiff alleges that Defendant Rispoli and three unknown officers entered his cell at approximately 11:40 p.m. to conduct a cell search. Id. Plaintiff alleges that "after I was handcuffed these four officers entered my cell and proceeded to physically assault me by striking my body with punches and knees." Id. Plaintiff ends his statements by alleging that two months have passed since the assault and First Correctional Medical Inc. has neglected to provide x-rays or dental treatment.

9.  Plaintiff alleges that Defendants Nkowpara, Wallace, Phillips, Stevenson, Thomas, Yoder and Nurse Kera conspired to file false reports, obstruct justice by covering up a crime. He further alleges that Defendant Merson refused to consider his grievances, and that Defendant Savage failed to give him 24 hour notice of the disciplinary hearing or investigate the charges. Also, Plaintiff alleges that Defendant Rendina upheld the disciplinary hearing decision without adequate evidence. Id. Plaintiff alleges that Defendants Savage and Rendina violated his due process rights in relation to a disciplinary hearing. Id. Plaintiff does not describe this disciplinary hearing for which Defendants deprived his due process rights.

10.  Plaintiff's amended complaint dated March 2, 2005, alleges that

4

commencing October 10, 2004 through February 24, 2005 he was housed in the infirmary. While housed in the infirmary on December 15, 2004, Plaintiff alleges that he was lying on the floor sleeping when he was "assaulted with a dangerous weapon" by three officers. Id. Plaintiff did not offer any specifics with regard to this assault. Plaintiff complains of daily harassment and retaliation, and alleges that the Defendants in his amended complaint subjected him to cruel and unusual punishment, acted with deliberate indifference to his treatment, and failed to take measures to protect his constitutional rights. Id. However, aside from bald assertions that he was unjustly treated and suffering retaliation, he fails to provide any facts surrounding the circumstances of which he complains. Moreover, he fails to demonstrate how State Defendants violated any of his constitutional rights. (Complaint, *passim*).

### THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO Fed. R. Civ. P. 12 (b) (6).

**A.  Standard of Review**

In the courts of the Third Circuit the dismissal standard under Fed. R. Civ. P. 12 (b)(6) as to "specific allegations of unconstitutional conduct" requires a showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, " *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, in cases, such as the instant complaint by a state prisoner alleging civil rights violations, which contain only vague and conclusory allegations with no specific allegations of unconstitutional conduct and wholly unsupported by factual allegations, dismissal pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted is appropriate.

**B.     Plaintiff Does Not Allege Specific Conduct Of Carroll, Burris, Pierce, Holman, Cunningham, Rendina or Savage To Show A Deprivation Of His Constitutional Rights**

Plaintiff alleges that he notified Warden Carroll, Deputy Warden Burris, Deputy Warden Pierce and Internal affairs ("Administrative Defendants") of a physical assault by officers which he claims occurred on October 22, 2004. However, although he states that Defendant Rispoli was one of those officers who assaulted him, he provides no detail on the circumstances to support his claim that Administrative Defendants deprived him of a constitutional right. He is completely silent as to any specific acts committed by the aforementioned Administrative Defendants. Although Plaintiff alleges that he notified the administrators, his complaint does not describe when, where, how or whether, in fact, these administrators had knowledge of, acquiesced in, or were even remotely responsible for an assault on him. And, Plaintiff certainly has not demonstrated that these administrators played any role, directly or indirectly, with regard to his medical treatment. (D.I.2 and 9).

In the instant case, Plaintiff has spouted such expressions as cruel and unusual punishment, due process, retaliation, conspiracy, and inadequate medical care which require prison administrators and supervisors to expend immeasurable time and energy to offer a response to his bald assertions and unsubstantiated claims that they deprived him of his constitutional rights.

**1.     Administrative Defendants have no personal involvement with Plaintiff's claims of alleged wrongs against him.**

Assuming <u>arguendo</u> that Plaintiff's assault allegations are true, he fails to allege how Defendants Warden Carroll, Deputy Warden Burris, Deputy Warden Pierce and Internal affairs were personally involved with these alleged constitutional violations.

6

Without personal involvement in alleged constitutional violations, these Defendants cannot be held liable. *Rhode v. Dellarcipete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrong.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*  Under 42 U.S.C §1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence in the alleged deprivation. *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir. 1974).  As aforementioned, Plaintiff fails to identify how Warden Carroll, Deputy Warden Burris, Deputy Warden Pierce or any member of the internal affairs participated in or was cognizant of the events which he claims deprived him of constitutional rights.  The Plaintiff's complaint is completely devoid of any cognizable §1983 claim against these Administrative Defendants. The Plaintiff does not, and cannot honestly prove that Administrative Defendants were involved in or responsible for directing an assault on him, or depriving him of adequate medical care. It is imprudent for Plaintiff to associate responsibility with prison administrators in this action without alleging that they were personally involved in the alleged violation of his rights.  In addition, Plaintiff's amended complaint adding Defendants Cunningham, Godwin, Lovett, Dunn, and Overmeyer does nothing more than list these State Defendants names, and allege that they worked at the Delaware Correctional Center between October 10, 2004 and February 24, 2005. Plaintiff does not state with particularity how any of these State Defendants was personally involved in or directed wrongdoing against him. As such, any purported complaint against them must be

dismissed.

## 2. Defendants May Not Be Held Liable Under A *Respondeat Superior* Theory

Assuming that Plaintiff's complaint implies that Defendants Cunningham, Godwin, Lovett, Dunn, and Overmeyer had ultimate authority over the Defendants Wallace, Phillips, Stevenson, and Carpenter, and therefore, shared responsibility for the actions of persons they supervised then it is fair to conclude that liability premised upon such suggestions is mere conjecture. Plaintiff's attempts to hold prison officials liable based upon their supervisory positions is impermissible. As previously stated, liability may not be imposed vicariously against a supervisory official merely on the theory of *Respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F. 2d 768, 771 (3d Cir. 1990); *Heine v. Receiving Area Personnel*, 711 F. Supp. 178, 186-188 (D. Del. 1989). In Plaintiff's amended complaint he names Department employees, and he also alleges actions such as being assaulted with a dangerous weapon by three officers as he slept, experiencing retaliatory actions and harassment by staff, denied access to the courts, his attorney and his family, as well as being permitted to brush his teeth only three times per week, thus causing him to develop dental problems where there was none prior to this abuse. However, Plaintiff does not talk about Cunningham, Godwin, Lovett, Dunn, and Overmeyer in the better part of his complaint.

## CONCLUSION

There being no arguable legal or factual basis for Plaintiff's claims against State Defendants Warden Carroll, Deputy Warden Burris, Deputy Warden Pierce, unknown internal affairs investigator, Major Cunningham, Lt. Godwin, Sgt. Lovett, C/O Dunn, and C/O Overmeyer, Federal Rule of Civil Procedure 12(b) (6) mandates dismissal of

Plaintiff's Complaint for failure to state a claim on which relief can be granted.

**WHEREFORE** for the foregoing reasons, State Defendants request this Court enter an order for dismissal, with prejudice, of Plaintiff's Complaint in their favor

                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                /s/ Ophelia M. Waters
                Ophelia M. Waters, I.D.3879
                Deputy Attorney General
                Carvel State Office Building
                820 North French Street, 6th Floor
                Wilmington, DE 19801
Dated: July 18, 2005      (302) 577-8400
                ophelia.waters@state.de.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Kevin Brathwaite, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1542-GMS |
| ) | |
| Thomas Carroll, Warden, et al., ) | Trial by Jury Demanded |
| ) | |
| Defendants. ) | |

## ORDER

AND NOW, this _____ day of _____, 2005, the Motion To Dismiss filed by the State Defendants in the above-captioned matter having been duly considered, and any opposition thereto, is granted; and,

IT IS ORDERED that judgment be and is hereby entered against Plaintiff and in favor of the State Defendants.

_____
The Honorable Gregory M. Sleet, Judge
United States District Court

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on July 18, 2005, she caused the attached *State Defendants' Memorandum of Points and Authorities In Support of Their Motion to Dismiss* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kevin C. Brathwaite
SBI #315294
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

_✓_ Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us