IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-1542-GMS |
| Thomas Carroll, Warden, et al., | ) ) | Trial by Jury Demanded |
|     Defendants. | ) | |

**Defendants Nkwopara, Thomas, Stevenson, Carpenter and Wallace's Memorandum of Points and Authorities**
**In Support of their Motion to Dismiss**

1. The chronology of relevant facts in this case is set forth in the State Defendants' Motion to Dismiss filed previously and will be incorporated by reference except to the extent specific facts will be referenced here. (D.I.29). From the time when filing State Defendants' motion, service has been made on Defendants Nkwopara, Thomas, Stevenson, Carpenter and Wallace.

2. Inmate Kevin Brathwaite alleges that Sgt Wallace, Sgt Phillips, Sgt Stevenson and Sgt. Carpenter assaulted him "with hands and feet." (Complaint, *passim*). He further alleges that Officer Nkwopara, Wallace, Thomas and Lt. Yoder, conspired to cover up a crime. Id.

3. State Defendants attach a Disciplinary Report 1013422 which describes an incident of October 9, 2004 involving the use of force on inmate Brathwaite after he acted in a disorderly and threatening manner. (See, Disciplinary Report 1013422 attached hereto as Exhibit A). The report describes how Wallace and Nkwopara were conducting a strip search of inmate Brathwaite.

      During this strip search, the officers discovered a razor which Brathwaite attempted to conceal in a hidden pocket of his under shorts.

4. In an act of defiance, inmate Brathwaite refused to remove his undergarments after being ordered to do so. (Exhibit A). Moreover, as the officers attempted to secure assistance from the area lieutenant, inmate Brathwaite charged toward the door. Id. He positioned his body to prevent the officers from closing his cell door. Brathwaite drew back his fist and threw a punch at Sgt. Wallace, who in turn used his pepper foam. Use of the foam forced Brathwaite to back away and enable Wallace to secure the door. Id.

5. Sgt. Wallace and Officer Nkwopara called for back-up to assist in removing Brathwaite from his cell. Id. Back-up arrived and Brathwaite stated he would exit the cell without anymore problems. Id. As Sgt. Phillips, back-up officer, attempted to place the handcuffs on Brathwaite, inmate turned his body in an attempt to strike Sgt. Philips. Id.

6. Sgts. Phillips and Stevenson subdued inmate Brathwaite on the floor to place hand and leg restraints on Brathwaite before transporting him to a secure location. Id. The Officers notified Lieutenant Yoder of the incident. Id.

**Legal Argument**

7. The Eighth Amendment protects inmates from excessive use of force by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986). The core inquiry when evaluating a claim that prison officials used excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v.*

*McMillan,* 503 U.S. 1, 7 (1992) (citing *Whitley*, 475 U.S. at 320-21).

8. "Prison administrators . . . should be accorded wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." *Whitley,* 475 U.S. at 321.

9. Relevant factors the Court should consider to determine whether force was applied in good faith include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.

10. Brathwaite cannot establish that the force used was maliciously applied to cause him harm. Moreover, the extent of any injury suffered will determine that necessity for the use of force. *See, Hudson v, McMillan*, 503 U.S. at 7; *see also Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir. 2000). "Although the extent of an injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used. . . ." *Brooks*, 204 F.3d at 108. State Defendants Wallace, Nkowpara, Stevenson, and Phillips contend that applying the five *Whitley* factors demonstrates that the use of force was

justifiable under the circumstances.

11. The use of force was justifiable because Brathwaite continually refused orders to permit the officers to conduct a strip search of his person after he was told to remove his clothing. Ex. A. In addition, Brathwaite's attempts to punch Sgts. Wallace and Philips demonstrate that Brathwaite's conduct sufficiently created a need for Wallace and Philips to use force to subdue Brathwaite's disorderly behavior. *See Wilson v. Reinhart*, 2003 WL 21756393, at *4 (D. Del. July 29, 2003).

12. Moreover, Defendants Wallace, Nkwopara, and Stevenson used minor force appropriate for the situation. The Department of Correction policies and procedures provide that use of capstun is justifiable to subdue unruly inmates and may be used to prevent personal injury or serious damage to property. State of Delaware, Bureau of Prisons Use of Force Policy 8.30, effective 1998, and Delaware Correctional Center, Use of Force 8.30, pg.1, effective 1995 attached hereto as Exhibit B1 and B2. Defendants Wallace and Philips sprayed Brathwaite with capstun only after he physically threatened to punch and strike, respectively. Defendants Nkwopara and Stevenson forced Brathwaite to the ground in an effort to place arm and leg restraints on him. The responses of these officers were reasonable under the circumstances. *See Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) ("The use of mace, tear gas or other chemical agent of the like nature when reasonably necessary . . . to subdue recalcitrant prisoners does not constitute cruel and inhumane punishment" even if the inmate is handcuffed or locked in the cell).

13. Furthermore, Brathwaite's medical records do not support any claims for which he asserts injuries sustained as a result of the incident on October 9, 2004. Although Brathwaite does not have to demonstrate serious injury to make out an Eighth Amendment claim, his medical records do not indicate that serious injuries were noted. *See Hudson*, 503 U.S. at 7. Clearly, Brathwaite's medical records do not show any serious injury. In fact the report recorded at 9:15 a.m., "asked by C/O to assess I/M after being pepper sprayed. Poured two cartons of milk on face. Complained of minimal left elbow pain. Has full range of motion. Hand cuff check. Can fit finger between hand and cuff. I/M has no further complaints." Inmate Interdisciplinary Progress Notes attached hereto as Exhibit C1 & 2. A subsequent report documented later that same day affirmed the lack of injury consistent with the claims Brathwaite makes. Id.

14. Given that the officers perceived a threat to their safety and security when faced with a non-compliant inmate, who began to act in a disorderly and threatening manner, they were justified in using the capstun to maintain order, discipline and security.

15. Importantly, when Brathwaite refused to strip down to be searched, Sgt. Wallace told him that he would have to go see the area lieutenant. Ex. A. As Sgt. Wallace attempted to leave the cell to get the lieutenant, Brathwaite charged toward the door and used his arm as a wedge to prevent the officers from closing the door. Id. When Brathwaite took a swing at the officers, Sgt. Wallace used the pepper foam to force Brathwaite back away from the door.

5

<u>Id.</u> Once the back-up team arrived, Brathwaite indicated to the officers that he would exit the cell without problem. <u>Id.</u> However, as Sgt Philips attempted to place the handcuffs on Brathwaite, he again became disruptive and threatening. The officers actions' was not done for malicious or sadistic purposes to cause Brathwaite harm.

16. Finally, Brathwaite baldly asserts that Sgt. Stephanie Carpenter assaulted him. However, his complaint is void of specifics to determine the claims that Brathwaite is making against her. In a ruse to be removed from isolation and be placed in the infirmary, Brathwaite tied a sheet to the light cage and around his neck. <u>See Incident Reports 1016353, 54 and 56</u> attached hereto as Exhibit D1, D2, & D3. Sgt. Carpenter responded to Brathwaite's cell to assist. <u>Id.</u> However, to her surprise and dismay, when the cell door was opened, Brathwaite lunged at her. <u>Id.</u> Instantaneously, Sgt. Carpenter sprayed Brathwaite in the face with pepper spray. Brathwaite fell to the floor, was subdued and transported to see medical. <u>Id.</u> No further incident is noted concerning Sgt. Carpenter. The actions taken by Sgt. Carpenter were necessary and appropriate in an effort to maintain or restore discipline.

**<u>Conclusion</u>**

There being no arguable legal or factual basis for Plaintiff's claims against State Defendants Wallace, Nkwopara, Thomas, Stevenson and Carpenter Federal Rule of Civil Procedure 12(b) (6) mandates dismissal of Plaintiff's Complaint for failure to state a claim on which relief can be granted.

**WHEREFORE** for the foregoing reasons, State Defendants request this Court enter

an order for dismissal, with prejudice, of Plaintiff's Complaint in their favor

                                    **STATE OF DELAWARE**
                                    **DEPARTMENT OF JUSTICE**

                                    /s/ Ophelia M. Waters
                                    Ophelia M. Waters, I.D.3879
                                    Deputy Attorney General
                                    Carvel State Office Building
                                    820 North French Street, 6th Floor
                                    Wilmington, DE 19801
Dated: February 7, 2006                (302) 577-8400
                                    ophelia.waters@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006, I electronically filed *State Defendants Nkwopara, Thomas, Stevenson, Carpenter and Wallace's Memorandum of Points and Authorities in Support of Their Motion to Dismiss/Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on February 7, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Brathwaite; SBI #315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us