ORIGINAL

THE United States District Court
District of Delaware

Kevin C. Brathwaite
   Plaintiff

V.                              CA. NO. 04-1542-G.M.S

Thomas Carroll, et al
   Defendants

FILED
FEB 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Response to Defendant
Motion to Dismiss

1. This Plaintiff states, that the real facts surrounding the brutal assault that took place on 10-9-04 are set in chronological order in the Plaintiffs previous affidavit and statement of facts are true and correct.

2. The statements and reports written by these defendants are blatant lies and ficticous stories, which they conspired to make up in an attempt to cover-up the crimes that they committed

against this plaintiff.

3. These defendants are clearly attempting to try this case by way of a fruitless motion to dismiss. And in doing so, they are using lies and deceit, instead of responding to the factual claims made by this plaintiff. And their actions should not be tolerated, and should be dealt with in the same manner as other defendants that violate the constitutional rights of others. 934 F. Supp. 127, EVANS V. HENNESSEY, (D. Del. 1996).

4. There were seven (7) other officers present when this brutal assault took place. And they all refused to lie on their reports. It's a known fact that whenever an incident takes place, every officer that witnesses the incident must submit a report as to the facts surrounding the incident. And after this plaintiff was finally sent to the infirmary,

At least four (4) of these officers went to speak to the plaintiff and told him that they saw the entire incident and that they would not lie for the officers that assaulted them. They also acknowledged the fact that this plaintiff did not provoke this assault and in the event of a trial, these officers will be called as witnesses.

5. These defendants claimed that this plaintiff was in possession of a razor at the time of the incident. And in doing so, they are attempting to deceive the court in to assuming that this plaintiff was in possession of a weapon. But they don't mention the fact that the razor was an orange Bic razor that was being used by the plaintiff at the time that the assault took place because he was shaving. In fact, this plaintiff still had shaving cream on his head at the time of the assault.

The razors given to all inmates on Tuesdays and Saturday mornings. Oct, 9th, 2004 was on a Saturday. And in Sgt. Wallace's report, he clearly states that this plaintiff gave him the razor. So if this plaintiff had any intentions of showing any signs of aggression, why would he willingly hand over a razor.

6. In the past ten (10) years of his incarceration, this plaintiff doesn't have any type of violent behavior on his institutional record. On the other hand, Sgt. Wallace, Sgt. Stevenson and Sgt. Phillips, has a history of violence towards inmates. Especially being notorious for assaulting inmates while they are handcuffed and shackled. See, attached affidavits. Some of the officers that work at D.C.C. have jokes about the way some officers assault inmates while they are restrained.

7. The institutional administrators

are well aware of the assaults that are inflicted upon inmates by these defendants and they simply refuse to address this matter. All grievances have been ignored.

8. On December, 15th, 2005, this Plaintiff was sprayed in his face with mace while he was asleep. And he filed a grievance in regards to that incident and that grievance was also ignored. They just don't care about the actions of the officers that assault inmates without provocation.

9. If these defendants are not ordered to answer to this brutal assault, it will send them the message that their actions are condoned by everyone. And as a result, their actions will eventually result in the murder of an inmate.

10. These defendants claim that this Plaintiff did not state a claim upon which relief can be

granted. But the truth is that this plaintiff did in fact submit a full statement of claim in the original complaint that clearly states numerous constitutional violations.

11. These defendants also conspired to help defendants, Nurse Kera and Dr. Raman avoid being served by the U.S. Marshals office, by claiming that they did not know who they were, when their titles clearly shows that they are employee's of the medical ~~department~~ department. And this plaintiff has made extra efforts to have these medical department staff served, But all efforts have gone unheard.

12. The injuries that this plaintiff has suffered due to this assault that he was a victim of while he was handcuffed and shackled, still have not been treated by the medical department. And the damage to

his teeth has gotten worse, and will only continue to worsen unless he is given proper and immediate medical and dental treatment.

13. Specifically, in a 42.U.S.C.-1983 action, the Court should deny the defendants motion to dismiss, if the Plaintiffs complaint sufficiently alleges a deprivation of any rights secured under the constitution. See, Holder v. Allentown, 987 F.2d 188, 194 (3rd cir 1993)

14. The Court must accept the factual allegations as true. See, Graves v. Lowery, 117 F.3d 723, 726 (3rd cir 1997)

15. If the Plaintiff is Pro Se, the court must interpret their allegations liberally, and must hold their complaint to "less" stringent standards than formal pleadinds drafted by lawyers See, Estelle v. Gamble, 429, U.S. 97 106 (1976) Zilch v. Lucht, 981, F.2d 694 (3rd cir 1992)

16. All of the factual allegations made in this complaint can be proven through evidence and witness testimony if this case is allowed to proceed to trial.

Wherefore, for the foregoing reasons, this Plaintiff request this honorable court to deny the defendants motion to dismiss.

*Kevin C. Brathwaite*
S.B.I. #315294
1181 Paddock Rd.
Smyrna DE.
19977

# AFFIDAVIT

I Anthony J. Kellam states that the following statement is being made under the pains and penalties of perjury.

On July, 1st 2002 While being housed in the Security housing unit (S.H.U) in Bldg #17 Cell-B-U-12 I was physically assaulted by Sgt. Wallace And Sgt. Belanger After being pen down to the floor and handcuffed I was beaten on the left side of my face with a Roitshield after being beaten in the face with the Roitshield Sgt. Wallace leaned down towards the floor where they had me handcuffed and pened down and sprayed me in the face with pepper spray. I was also denied medical treatment.

7-20-05
date

Anthony J. Kellam
Signature

Brian D Engen
Notary

# Affidavit

I, Eian Stradley, states that the following statement is true and correct.

While being housed in the maximum housing unit, (M.H.U) in building #21 on D tier, Sgt. Wallace physically assaulted me while I was handcuffed and shackled, by punching me in my face and kicking me in my stomach and stomping on me

Date. 8-12-06

Eian Stradley
Signature

Notary
8/12/06

## AFFIDAVIT

I Myron Johnson states that the following statement is true and correct.

While I was housed in the Security housing unit (S.H.U) Building #17, Sgt. Wallace physically assaulted me while I was handcuffed, by punching me in my face numerous times.

_____
Signature

Dated August 3 2005

_____
Notary

## AFFIDAVIT

I, Inmate A.M. Poank, states that the following statement is true and correct.

On April 15, 2005, while being housed in building 17 (REOM)C-U-3 at the Delaware Correctional Center, I was assaulted by Sgt. Robert Wallace. Approximately at 12:45 Sgt. Wallace, Officer Whaley an Officer A. Jackson came to my room for a shake down. I assuming that there was something personal against me because throughout the year I was housed there no matter when Sgt. Wallace was on the tier to shake down he made his way to my cell for a shake down and strip search. While in my room Sgt. Wallace took my magazine when I asked him why he was taking it he said because it didn't have a name on it. When he was coming out of the room I tried to kick the magazine back inside the room for the simple fact that there is nothing in the inmate handbook stating inmates name must be in or own magazine's but it does states how many you can have. After going back and fourth kicking the magazine, Sgt. Wallace grabed me and tried to shove me face first into the corner of the steel frame in which I turned to avoid. While in the process of turning to avoid my face being shoved into the frame of the door Sgt. Wallace cap sprayed me, remind you the whole while I was cuffed behind my back. I was never any threat at any time cuffed with my hands behind my back. Once taken from the tier Sgt. Wallace begain to act very violently, he shackled me and pushed my body against the lower slider and begain to bend my hand in the cuff.

While the whole time he repeatedly thrusted the palm of his hand hard in my back up until we were walking towards building J-8, while on the way he ordered the other officer responding to the code to lift me up by the shackles that where on my feet and carried me to a room and dropped me without me being able to support my fall. After that ordeal I felt unsafe to the point() I felt it was better to be evaluated by mental health and taken to the infirmary for suicide watch in which I stayed for three days for the fear of my life."

Respectfully Submitted
Tyler R.M. Boarder

Certificate of Mailing

I Kevin C. Brathwaite, states that I have caused one copy of the enclosed, Response to the defendants motion to dismiss to be mailed to the following party by way of the U.S. Postal Service.

Ophelia M. Waters, Esq
Deputy Atty Gen
820 N. French St. 6th Floor
Wilmington DE.
19801

_____
Kevin C. Brathwaite
S.B.I #315294
1181 Paddock Rd.
Smyrna DE.
19977

Date: Feb, 16th, 2006

IM Kevin C. Brathwaite
SBI# 315294 UNIT
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977




U.S.M.S.
X-RAY

Peter Dalleo, Clerk
U.S. District Court
Clerks Office
844 N. King St
Wilmington DE
19801

Legal
Mail