IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Carroll, Warden, et al., | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Defendants. | ) | Trial by Jury Demanded |
| | ) | |
| | ) | |
| | ) | |

**STATE DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS**

**COMES NOW**, the State Defendants, by and through counsel, and hereby reply to Plaintiff's response to Defendants' Motion to Dismiss (hereinafter "Reply") as follows:

1.  The Delaware Correctional Center permits each inmate access to the Inmate Reference Manual to use whenever the need arises. The Manual informs the inmates concerning the institutional rules, regulations and treatment services at DCC. As part of the Manual, there exists a Correction Code of Penal Discipline which purpose is to establish a system of penal discipline defining inappropriate conduct and prescribing sanctions for that conduct. Plaintiff has access to and has been provided with a copy of this manual with its attachments. Plaintiff's due process claim as it relates to the disciplinary hearing officer providing at least 24-hour hearing notice and disciplinary appeal process is without merit. (D.I. 2).

Moreover, Plaintiff has failed to set forth specific evidence showing that a

Delaware statute or DCC rules and regulations afford him a constitutionally protected liberty interest. Plaintiff has no greater right to a disciplinary hearing different than that which he was provided. Notwithstanding prison rules and regulations outline the purposes and objectives of the Penal Code as it relates to prisoner discipline there is no genuine issue for trial. A prisoner's due process rights are triggered only when he is subjected to punishment that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *see also*, *Abdul-Akbar v. Department of Correction*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir.1997).

2.  Primarily, Plaintiff's self-serving affidavit alleging that he was assaulted by officers merely recites the allegations of his complaint. Plaintiff fails to demonstrate that the officers' application of force was not made in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Plaintiff admits that he had a razor when the officers entered his cell to conduct a search. Although he states that inmates are given razors on Tuesday and Saturday mornings, he does not explain why a razor was hidden in his shorts pocket.

3.  In addition, Plaintiff acknowledges that when told to turn around to be handcuffed during the cell search, Plaintiff was uncooperative. Plaintiff acknowledges that he did not immediately follow Sgt. Wallace's instructions to turn around for a strip search. Plaintiff continually insisted on seeing a lieutenant before he would comply with Sgt. Wallace's orders. Oddly, Plaintiff alleges that Sergeant Wallace, after exiting the cell, returned, opened the food flap positioned in the center of the cell door, and proceeded to spray Plaintiff in his face and about the body as Plaintiff stood, perhaps idly, on the other side

of that same door. (See Pltf's Affidavit). Moreover, Plaintiff does not present any evidence that any of the officers used a dangerous amount of capstun or spayed him for a prolonged period of time. <u>Id.</u> Furthermore, Plaintiff's tales accusing prison officials of using force "maliciously and sadistically to cause harm" balanced against the officers need to preserve internal order and discipline, and to maintain institutional security entitles defendants to judgment in their favor.

4.    Plaintiff attaches affidavits from inmates Kellum, Stradley, Johnson and Roane which offer nothing more than statements of events in time which purport to describe matters wholly unrelated or relevant to Plaintiff's case. Repeatedly, Plaintiff makes assertions that various prison officials have deprived him of his constitutional rights; however, he cannot substantiate misconduct by any of these prison officials. Therefore, no evidence exists from which a jury reasonably can conclude that Plaintiff's constitutional rights have been violated.

5.    Wherefore, for the reasons stated herein as well as those stated in their Motions and Supporting Memoranda of Points and Authorities, Defendants respectfully request this Honorable Court dismiss Plaintiff's complaint for failure to state a claim, or in the alternative enter judgment in their favor.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Ophelia M. Waters</u>
Ophelia M. Waters, ID 3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
Dated: March 1, 2006                    (302) 577-8400
Ophelia.waters@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2006, I electronically filed *State Defendants' Reply Memorandum of Points and Authorities in Support of Their Motion to Dismiss/Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on March 1, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Brathwaite; SBI #315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us