IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Carroll, Betty Burris, | ) | C.A. No. 04-1542-GMS |
| David Pierce, David Holman, | ) | |
| Anthony Rendina, Cathy Malay, | ) | |
| William Yoder, Larry Savage, Marcello Rispoli, | ) | |
| Robert Wallace, David Phillips, | ) | |
| Matt Stevenson, Stephanie Carpenter, | ) | Trial by Jury Demanded |
| Barbi Thomas, Edwin Nkwopara, | ) | |
| Lise Merson, First Correctional Medical, | ) | |
| Nurse Kera, Major Cunningham, | ) | |
| Lt. Godwin, Sergeant Lovett, V. Dunn, | ) | |
| Don Overmeyer, Bob Harris, Dr. Raman, | ) | |
| and Amy Whittle, | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

State Defendants, by and through their undersigned counsel, hereby oppose Plaintiff's

request for the appointment of counsel, and request this Honorable Court to deny Plaintiff's

motion. In furtherance of their answer in opposition, the State Defendants represent as follows:

1.      The Plaintiff, Kevin Brathwaite, is a prisoner of the State of Delaware, sentenced

to a period of incarceration in the Delaware correctional system. He is currently incarcerated in

the Delaware Correctional Center, Smyrna, Delaware. Plaintiff commenced this action on or

about December 22, 2004, by forwarding his complaint and request to proceed *in forma pauperis*

to the United States District Court for the District of Delaware. Therein, Plaintiff's claims these

defendants violated his constitutional rights. (D.I. 2).

2.       By Order of the Court dated January 25, 2004, the Court granted leave to proceed

*in forma pauperis* and directed service of process. (D.I.I. 4, 11).  Waivers of Service returned

executed as to several defendants. (D.I.I. 14-21; 25-26). On July 18, 2005, undersigned counsel

entered her appearance on behalf of the defendants waiving service of process. (D.I. 27).  At or

about the same time, Defendants filed a motion to dismiss for failure to state a claim entitling

Plaintiff to relief. (D.I. 28).  As to all claims against Carroll, Burris, Pierce, Cunningham,

Godwin, Lovett, Dunn and Overmeyer ( hereafter "movants"), dismissal was sought. (D.I. 28).

On or about August 5, 2005, Plaintiff filed a response to the movants' motion to dismiss.  In

reply, movants responded with exhibits. (D.I. 36).  Additional defendants were served with

Plaintiff's amended complaint (D.I.9), alleging such claims as retaliation, cruel and unusual

punishment, and an inadequate grievance system subsequent to the parties briefing on the motion

(D.I.I. 47-50; 52-54).  On March 29, 2006, this Honorable Court entered a memorandum and

order granting D.I. 28, motion to dismiss as to the movants herein-stated, with prejudice.

(D.I.63).  In addition, this Honorable Court dismissed Plaintiff's amended complaint with

prejudice. However, this Honorable Court permitted Plaintiff forty-five (45) days to amend his

complaint consistent with the court's directive in the Memorandum.

3.       On or about March 30, 2006, Plaintiff filed a Motion for Appointment of Counsel

stating that he is incarcerated, that he has limited knowledge of the law and that access to the law

library and law materials are limited because he is confined to his cell for twenty-four (24) hours

per day, and the appointment of counsel would serve the bests interests of justice in this case.

(D.I. 64).  Defendants contend by way of this Opposition to this Motion that the issues in this

case are straight-forward, the Plaintiff has demonstrated a firm grasp of the legal precepts

involved, and Plaintiff's request for counsel is, at best premature.  This case is neither factually

nor legally complex.  Upon reviewing the pleadings and other papers filed in this action Plaintiff

has demonstrated the ability to litigate this action pro se.  Moreover, the Plaintiff has not made a

showing of any other special circumstances indicating the likelihood of substantial prejudice.

        4.       *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory

right to appointed counsel.  *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The

Supreme Court has not recognized nor has the court of appeals found a constitutional right to

counsel for civil litigants."). It is solely within the court's discretion to request appointed counsel

for indigent civil litigants. 28 U.S.C. § 1915 (e) (1).  In exercising its discretion, the court must

initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v.*

*Johnson*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*

510 U.S. 1196 (1994)).  If this threshold is successfully crossed, the court "must perform the

requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459.  These factors are:

> (1)     the plaintiff's ability to present his or her own case;
> (2)     the complexity of the legal issues;
> (3)     the degree to which factual investigation will be necessary and the ability
>          of the plaintiff to pursue such investigation;
> (4)     the amount a case is likely to turn on credibility determinations;
> (5)     whether the case will require the testimony of expert witnesses;
> (6)     whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5).  While these factors should guide the

court in evaluating the appointment of counsel, this list is not exhaustive and the court retains

broad discretion.  *Tabron*, 6 F.3d at 157.  The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . .  Because
> this resource is available in only limited quantity, every assignment
> of a volunteer lawyer to an undeserving client deprives society of a
> volunteer lawyer available for a deserving cause.  We cannot
> afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

5.      Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron,* analysis.

6.      Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that "Plaintiff is unskilled in the law." (D.I. 64).  Plaintiff's response to Defendants' motion to dismiss, and extensive supplemental pleadings indicate the contrary.  Plaintiff's original complaint is several pages long with additional pages of attachments (D.I. 2), and this does not include the motions filed simultaneously by him.  In Plaintiff's memorandum in opposition to Defendants' motion to dismiss, he cites numerous case decisions; and he attaches several affidavits and numerous other documents.  While Defendants believe Plaintiff has failed to state a cause of action in the instant complaint, it is *not* because of his alleged unfamiliarity with the law, but because of Plaintiff's attempts to twist it, to fit a cognizable claim onto the framework of his factual allegations.  In sum, Defendants believe that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

7.      Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claims are denial of access to the courts, redress of grievances, and a pervasive risk of physical harm at his place of imprisonment, in violation of his constitutional rights.  In light of the points made in paragraph 6, *supra*, including the wealth of precedents offered by Plaintiff, Defendants believe that Plaintiff has demonstrated he has the ability and resources to adequately research, prepare, and respond to legal issues presented by this case.

8.      Concerning the factual investigation necessary to the full presentation of

Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that he

"is locked in his cell twenty-four (24) hours per day."  Defendants would again point to the

numerous exhibits and attachments offered by Plaintiff in his various pleadings to date, as well

as to his apparent grasp of the rules of procedure.  For example, Plaintiff submitted several

affidavits from individuals with his answer to Defendants' motion to dismiss, as well as

numerous other documents.  (D.I. 33).  Defendants believe Plaintiff has demonstrated an ability

to pursue a factual investigation sufficiently to make a case against the appointment of counsel.

9.      Concerning the impact of credibility in the resolution of this case, the need for

expert witnesses, and whether the Plaintiff can afford or attain counsel on his own behalf,

Defendants believe credibility will not be a central issue in this case - this factor weighs against

the appointment of counsel.  Expert testimony does not appear to be required - this also weighs

against the appointment of counsel.  In light of this Court's grant of *in forma pauperis* status, it

seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the

appointment of counsel.  Defendants believe this latter factor is outweighed by the other factors

in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise

of this Court's discretion to appoint counsel.

10.     Plaintiff raises issues in this motion for appointment of counsel which would not

require the Court to grant his motion for appointment of counsel.  This case is neither factually

nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by

filing motions to amend his complaint, and submitting paperwork to respond to the Defendants'

Motion to Dismiss.  Finally, Plaintiff fails to demonstrate any other factors or circumstances

which warrant the appointment of counsel.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this

Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Ophelia M. Waters_____
Ophelia M. Waters, I.D. No. 3879
Deputy Attorney General
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, Delaware 19801
(302) 577-8400

Date: April 6, 2006                              Counsel for State Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Carroll, Betty Burris, | ) | C.A. No. 04-1542-GMS |
| David Pierce, David Holman, | ) | |
| Anthony Rendina, Cathy Malay, | ) | |
| William Yoder, Larry Savage, Marcello Rispoli, | ) | |
| Robert Wallace, David Phillips, | ) | |
| Matt Stevenson, Stephanie Carpenter, | ) | Trial by Jury Demanded |
| Barbi Thomas, Edwin Nkwopara, | ) | |
| Lise Merson, First Correctional Medical, | ) | |
| Nurse Kera, Major Cunningham, | ) | |
| Lt. Godwin, Sergeant Lovett, V. Dunn, | ) | |
| Don Overmeyer, Bob Harris, Dr. Raman, | ) | |
| and Amy Whittle, | ) | |
| Defendants. | ) | |

**O R D E R**

AND NOW THIS _____ day of _____, 2006, the

Plaintiff's Motion for Appointment of Counsel having been presented and the parties' pleadings

with respect thereto having been considered, it is hereby

ORDERED that Plaintiff's Motion for Appointment of Counsel is DENIED.

_____
UNITED STATES DISTRICT JUDGE

## *CERTIFICATE OF MAILINUG AND/OR DELIVERY*

The undersigned certifies that on April 6, 2006, I electronically filed *Defendants'*

*Opposition to Plaintiff's Motion for Appointment of Counsel*  with the Clerk of Court using

CM/ECF.  I hereby certify that on April 6, 2006, I caused the *Defendants' Opposition to*

*Plaintiff's Motion for Appointment of Counsel* to be delivered to the following non-registered

participant:

**NAME AND ADDRESS OF RECIPIENT(S):**

Kevin C. Brathwaite
S.B.I. No. 0015294
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

_____ One true copy by facsimile transmission to each recipient.

__X__ Two true copies by first class mail, postage prepaid, to each recipient.

_____ Two true copies by Federal Express.

_____ Two true copies by hand delivery to each recipient.

/s/Ophelia M. Waters_____
Ophelia M. Waters, ID 3879
Deputy Attorney General
Department of Justice
Carvel State Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400