IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Thomas Carroll, Warden, et al., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF ANTHONY RENDINA

I, Anthony Rendina, having been duly sworn according to the law, do hereby depose and say the following:

1. I have been employed by the Delaware Department of Correction since March of 1982. In January of 2002, I was promoted to Inmate Classification Administrator and I have held this position at all times relevant to the instant action.

2. My job duties and responsibilities include overseeing inmate classification within the Department of Correction, and I am the Chairperson of the Institutional Release Classification Board (IRCB).

3. Additionally, I am the Commissioner's designee for reviewing inmate disciplinary appeals from the Delaware Correctional Center, (DCC). To accomplish this task I review the inmate appeals which are sent to me from the DCC Hearing Office.

4. My duty as the Appeals Review Officer is to determine if the offender was provided with due process, the chance to confront his accuser, and the right to have witnesses on his behalf. In my official capacity I do not hear testimony or investigate the incident. If I have questions or concerns regarding the hearing documentation available

some decisions of the DCC Hearing Officers. I have the authority to reduce a sanction but cannot increase a sanction. I have reduced sanctions when I determined that action was necessary.

6. The rationale behind my decision in all appeals is based upon my review of the disciplinary documentation which includes, the content of the DR, content of the hearing officer's report, witness testimony, (if the offender asked to call witnesses), the offender's statement and the statement of the accuser,(if the offender asked to confront his accuser), to determine if there is sufficient evidence for a finding of guilt. I then review the offender's appeal to determine what his appeal issues are.

7. I reviewed Braithwaite's appeal form. Braithwaite stated "I'm not guilty, and that there was a conspiracy against him." He was given at least 24 hours notice of his disciplinary hearing and the opportunity to request confrontation of his accuser on October 09, 2004, at which time he refused to participate. (See Attachment B). The hearing took place on October 20, 2004, at which time he was allowed to make a statement. All the documentation that I reviewed supported the finding of guilty. After performing this review of Braithwaite's Appeal, I did not find any due process violations. Therefore, I affirmed the DCC Hearing Officer's decision. (See Attachment F)

8. After reviewing all available information and forming my decision, I send a completed appeal decision form to the institution for their information and filing. After the appeal decision is processed into the DCC files a copy is provided to the offender. In

fact, Braithwaite admits in his complaint that he was provided a copy of my decision by the DCC staff.

9. I make these statements based upon my personal knowledge and information as the Inmate Classification Administrator and Commissioner's Designee to hear offender appeals from the Disciplinary Hearing Office at the DCC.

_____
Anthony Rendina

SWORN TO AND SUBSCRIBED before me, this 12 day of April, 2006.

_____
Notary