THE United States District Court
District of Delaware

Kevin C. Brathwaite
Plaintiff

V.                                    CA. No. - 04-1542-G.M.S.

Thomas Carroll, et. al
Defendants



## AMENDMENT

Now comes the Plaintiff, Kevin C, Brathwaite, to request that this honorable court accept this Amendment to Complaint as it was permitted in the previous order of the court.

* The Courts order dated, March, 29th, 2006, permits this Plaintiff to amend his complaint to address the specifics in regards to the facts that he was denied his mail, and

(1)

The assault with a dangerous weapon that took place on 12-15-04.

This Plaintiff offers the following:

1. On numerous occassions including 12-17-04 and 12-24-04 Lt. Godwin, Sgt. Burman, c/o Dunn and c/o Overmeyer came to my cell and confiscated my legalwork and deprived me of my personal mail.

2. Whenever an inmate is on suicide status they are allowed to read their mail and immediately give it back to the officer. Also inmates are allowed to correspond with the court in the presence of an officer. A pen was provided to be used by this plaintiff. The pen was a special security pen that was provided by Major Cunningham. With directions that it was only to be used by this plaintiff.

(2)

3. Whenever these officers confiscated this plaintiff's legal material and deprived him of reading his mail, they all claimed that they were ordered to do so by Major Holman. There was always an officer directly in front of my door, so there was no reason for the confiscation of legal material or to deprive this plaintiff the right to read mail sent to him by his family and friends. See, Grievance #'s 10656, 10657. If writing material was not allowed, then how was the plaintiff allow to submit grievances.

4. On December, 15th, 2004 this plaintiff was assaulted with a dangerous weapon while he laid on his mattress on the floor sleeping.

5. C/O V. Dunn was seen by two (2) witnesses shaking a can of mace. After shaking

(2)

the mace, she was seen with Sgt. Burman and another unknown officer proceed to walk towards this plaintiff's cell door. The plaintiff's flap on the door was opened and he was sprayed in his face while he was asleep. The Area LT. was notified by the officers on the next shift, because c/o Dunn would not call anyone. The Area Lieutenant immediately responded to the infirmary accompanied by two (2) officers and a nurse. This plaintiff was removed from his cell and excorted to the shower to wash the mace from his face and body. This plaintiff was told that he could not return to his cell because the wall and the mattress was saturated with mace. The cell was secured and the plaintiff was moved to another cell.

2. The following day, the investigator came and took

pictures of the cell and questioned witness. The plaintiff submitted a grievance regarding the incident, see grievance # 10654. Once again the grievance was ignored. The grievance officer wrote on the back of the grievance that the plaintiff was not allowed to file a grievance.

3. This plaintiff can prove that his rights were violated when he was denied his mail and that he was the target and victim of cruel and unusual punishment, when he was assaulted with a dangerous weapon by c/o V. Dunn while he was asleep.

On these grounds, this plaintiff prays that this amendment will be acceptable.

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna, DE 19977

date 4-4-06

Certificate of Service

I Kevin C. Brathwaite, states that I have caused a copy of the attached Amemdment to be Mailed to the following party by way of U.S. Postal Service.

Ophelia Waters, ESQ
Atty Gen Office
820 N. French St
Wilmington DE.
19801

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
19977

