IN THE United States District Court
District of Delaware

Kevin C. Brathwaite
Plaintiff

V.    CA. No. 04-1542-G.M.S

Thomas Carroll, et, al
Defendants


FILED
APR 24 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
RD scanned

Response to Defendants' Holman, Rendina, Malay, Savage, Rispoli and Merson, Motion to dismiss and Summary Judgement.

1. These defendants are not immune when there are constitutional rights that have been violated.

2. On Oct, 9th, 2004, as a result of being the victim of a brutal assault by three (3) Correctional officers while handcuffed and shackled, This Plaintiff filed a grievance in an attempt to exhaust his administrative remedies. And this Plaintiff also attempted

to exhaust his right to file criminal charges against the officers that assaulted him. The grievance was rejected by defendant, Merson and forwarded to defendant, Holman for a follow-up. See, (Exhibit-A). See Top of grievance and ~~ref~~ reverse side.

3. Defendants, Wallace, Phillips, and Stevenson are the officers that assaulted this plaintiff, and they proceeded to write a disciplinary report claiming that the plaintiff assaulted them, to cover-up their crime.

4. Defendant, Savage gave the plaintiff a disciplinary hearing without allowing the plaintiff his right to a preliminary hearing. Which is a clear violation of due process. Defendant, Matt Stevenson claims that he came to my cell to do the preliminary hearing for this bogus report. But he never came to see me

(2)

and blatantly lied when he stated that I refused to sign the form. In fact it would have been against the rules of the disciplinary process for an officer to conduct the preliminary hearing since he was directly involved with the incident that took place. And the reporting officer wrote his name down as a witness on the report. See, (Exhibit-B).

5. During the disciplinary hearing, Defendant Savage told this Plaintiff that he had been told by a few officers that I did not assault anyone and that I complied and never resisted. But he said that his hands were tied because he had to go by what was on the report. Defendant Savage never questioned all of my witnesses. My witnesses were officers that was willing to tell the truth, but were not allowed to submitt their statements.

6. Whenever a serious incident takes place, every officer on the scene is obligated to submitt a report as to what they saw take place. There was at least twelve other officers that witnessed this assault but when it was discovered that they were not going to lie, their reports were disregarded. That is why it is very important that this plaintiff be allowed to have his witnesses in an open court, or the conspiracy to deny this plaintiff his right to due process will not be brought to light.

7. Defendant proceeded to find the defendant guilty of assault and impose a sanction. On Oct, 21st, 2004 this plaintiff proceeded to file an appeal to appeal the decision and sanction imposed by defendant, Savage. See, (Exhibit-C)

(4)

8. Disciplinary appeals are suppose to be responded to within ten (10) days. So when this plaintiff never got an answer to his appeal, he wrote a letter to the legal administrators office on Dec, 5th, 04. And on Dec, 6th, 04 he received a letter from defendant, Malay with a copy of an alleged appeal decision attached. See, (Exhibits-D-and-E). This alleged appeal decision was not signed by defendant Anthony Rendina, and he is the only person authorized to review appeals. After this plaintiff wrote letters to complain about ficticious appeal decisions, he received six (6) additional appeal decisions with defendant Rendina's name crossed out in ink. But in (Exhibit-D) defendant Malay clearly states that my appeal was reviewed by defendant Rendina. So obviously these appeals were being rubber stamped, which is cleary violation of due process. On (Exhibits-F-thru-K) Please notice that the address on

the top of all these appeal decisions is the same address as the Delaware Correctional Center. And at the bottom defendant Rendina's name is crossed out. Defendant Rendina does not have an office at D.C.C.

9. (Exhibit-L) clearly shows a legitimate appeal decision that is signed by defendant Rendina with the true office address at the top of the document.

10. On Oct, 22nd, 04 Defendant Rispoli came to this plaintiffs cell with three (3) other officers unknown to the plaintiff. Rispoli and ~~two~~ two (2) other officers proceeded to physically and verbally assault this plaintiff for absolutely no reason. There was no disciplinary report or any other kind of report written against this plaintiff regarding this matter. There was a grievance submitted to attempt to address this assault. See, (Exhibit-M).

11. On Dec, 9th, 04, Defendants, Matt Stevenson and Phillips stopped at this plaintiffs cell in the infirmary and threatend with harm once again. A grievance was filed in this matter also. See, (Exhibit-N).

12. Pursuant to the inmate grievance procedure number 4.4, All grievances must be delegated within 180 days. See, Exhibit-O. It has been over a year and a half since these grievances were submitted, and defendant Merson still continues to ignore the assaults and other actions that are directed towards this Plaintiff. And if defendant Holman would have proceeded with the follow-up to the first assault that took place on Oct, 9th, 04 as he was directed to do, these assaults that took place on Oct, 22nd, 04 and Dec, 15th, 04 could have possibly been avoided. The assault that took place on

(7)

Dec, 15th, 04 was inflicted upon this plaintiff by defendant Dunn. Defendant Dunn came to this plaintiff's cell and sprayed him in his face with mace while he was sleeping. Log books and reports that were filed will confirm these allegations as factual.

13. The only way that justice can truly be served in this matter is by a jury trial. The testimony of the correctional employee's that are more than willing to tell the truth should be heard. And this plaintiff prays that this honorable court allows him the opportunity to bring this injustice to light through a jury trial.

Wherefore, for the foregoing reasons, this Plaintiff request this Honorable Court to enter an order denying the dismissal of these defendants and that they be held accountable for their actions and attempts of deception.

*[signature]*

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
19977

dated April, 20, 2004

## Certificate of Mailing

I Kevin C. Brathwaite, states that I have caused a copy of the attached Response to defendants, Holman, Rendina, Malay, Savage, Rispoli and Merson, motion to dismiss and summary judgement. to be mailed to the following party by way of the U.S. Postal Service.

Ophelia Waters, Esq
Atty Gen Office
820 N. French St.
Wilmington DE.
19801

*Kevin Brathwaite* (signature)
Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
19977

dated April, 20th 04



Kevin C. Brathwaite
SBI# 315294 UNIT
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Peter Dalleo Clerk
Office of the Clerk
U.S. District Court
844 N. King St
Wilmington DE.
19801

Legal Mail