IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN BRATHWAITE,                      )
                                       )
             Plaintiff,                )
                                       )
      v.                               )
                                       )
DAVID K. HOLMAN, ANTHONY J.            )
RENDINA, CATHY  MALAY, LARRY           )      Civil Action No. 04-1542 (GMS)
SAVAGE, MARCELLO RISPOLI,              )
ROBERT WALLACE, MATT                   )
STEVENSON, STEPHANIE CARPENTER,)
BARBI THOMAS, EDWIN NKWOPARA,  )
LISE MERSON, and VALERIE DUNN,         )
                                       )
             Defendants.               )


## MEMORANDUM

### I.     INTRODUCTION

The plaintiff, Kevin Brathwaite ("Brathwaite"), is presently incarcerated at the Delaware

Correctional Center (the "DCC"), which is located in Smyrna, Delaware.  On December 22,

2004, Brathwaite filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The

complaint alleges that Major David Holman ("Holman"), Anthony Rendina ("Rendina"), Cathy

Malay ("Malay"), Lieutenant Larry Savage ("Savage"), Lieutenant Marcello Rispoli ("Rispoli"),

Sergeant Robert Wallace ("Wallace"), Sergeant Matt Stevenson ("Stevenson"), Sergeant

Stephanie Carpenter ("Carpenter"), Sergeant Bambi Thomas ("Thomas"), correctional officer

Edwin Nkwopara ("Nkwopara"), and correctional officer Lise Merson ("Merson"), (collectively,

the "defendants") violated Brathwaite's Eighth and Fourteenth Amendment rights.  On March

21, 2005, prior to serving any of the defendants, Brathwaite filed an amended complaint naming

additional defendants and alleging further violations of his constitutional rights pursuant to 42

U.S.C. § 1983. However, the court subsequently dismissed the claims against the newly added defendants, as well as Brathwaite's additional claims of constitutional violations.[1]

Presently before the court are: (1) the defendants' Motion to Dismiss the allegations of the complaint against Carpenter, Nkwopara, Stevenson, Thomas, and Wallace pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 58); and (2) the defendants' Motion to Dismiss/Summary Judgment with respect to Holman, Malay, Merson, Rendina, Rispoli, and Savage, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(c) (D.I. 69). For the reasons that follow, the court will grant the motion to dismiss with respect to the § 1985(2) conspiracy claim against the defendants Nkwopara, Stevenson, Thomas, and Wallace. The court will also grant the motion to dismiss with respect to the excessive force claim as to the defendant Rispoli, but deny the motion as to the defendants' Carpenter, Stevenson, and Wallace. In addition, the court will grant the defendants' motion for summary judgment with respect to defendants Holman, Malay, Merson, Rendina, and Savage. The court will also permit Brathwaite to amend his complaint consistent with its discussion below.

---

[1] On March 29, 2006, the court issued a Memorandum and Order (D.I. 63) dismissing Brathwaite's claims with prejudice against the following defendants: Thomas Carroll, Betty Burris, David Pierce, Charles Cunningham, Lieutenant Godwin, V. Dunn, and Don Overmeyer. V. Dunn was later added back to the case as a defendant pursuant to an amendment to the complaint which the court permitted as part of its March 29, 2006 Order. On April 3, 2006 the court granted a motion to dismiss (D.I. 65) filed by Brathwaite. As a result Bob Harris, Dr. Raman, Nurse Kera, William Yoder, David Phillips, Sergeant Lovett, Amy Whittle, and First Correctional Medical were dismissed without prejudice. Thus, the only defendants remaining in the present case are: Holman, Rendina, Malay, Savage, Rispoli, Wallace, Stevenson, Carpenter, Thomas, Nkwopara, Merson, and Dunn.

## II.    BACKGROUND

The complaint first alleges that, on October 9, 2004, at approximately 9:00 a.m., several sergeants, including Carpenter, Stevenson, and Wallace, physically assaulted Brathwaite with a dangerous weapon, and with their hands and feet. (D.I. 2 Statement of Claims, at 1.) According to Brathwaite, after the assault he informed Thomas and another officer that he was feeling suicidal. Brathwaite alleges that his warnings went unacknowledged. (*Id.*)

Brathwaite next alleges that Rispoli and several other officers assaulted him on October 22, 2004. (*Id.*) The complaint does not contain much information concerning the assault by Rispoli, but does allege that Brathwaite filed grievances regarding the assault.

Brathwaite further alleges that Nkwopara, Stevenson, Thomas, and Wallace conspired to file false reports and obstruct justice by "conspiring to cover up a crime [*i.e.* the October 9, 2004 assault]." (*Id.*) Brathwaite next claims that he filed grievances regarding the aforementioned assaults, but the grievance officer, Merson, "continuously gave fictitious reasons why [he] was not allowed to file grievances," thereby violating his constitutional rights. (*Id.* at 2.) He also alleges that he was denied due process when Merson allegedly refused to delegate his grievances. (*Id.*)

Additionally, Brathwaite alleges that he was given a disciplinary report and brought up on false charges. (*Id.*) According to the complaint, when Brathwaite's hearing officers refused to investigate the matter, he appealed the determination to Rendina. (*Id.*) Brathwaite claims that Rendina denied the appeal without an investigation, and without questioning witnesses to the incident. (*Id.*) He also claims that Rendina failed to provide him with a written answer to his appeal and, when he requested a copy, he received a letter from Malay, with a "falsified Appeal

decision" attached, stating that his appeal was denied. (*Id.*)

Finally, Brathwaite alleges that Holman denied him due process when he neglected to conduct a follow-up investigation to the grievance forwarded to him regarding the October 9, 2004 alleged assault. Brathwaite states that Holman never questioned him on this matter, and he was not asked to name any witnesses to the incident. (D.I. 2 Affidavit, at 3.) Brathwaite has attached an affidavit to his complaint, which further details his claims.

On March 21, 2005, Brathwaite filed an amended complaint. (D.I. 9.) On March 29, 2006, the court dismissed all additional claims alleged in Brathwaite's amended complaint.

## III.   STANDARD OF REVIEW

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). In performing this task, however, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). On the other hand, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at

4

726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley*, 355 U.S. at 45-46).

Finally, the Third Circuit has held that a district court may not dismiss a complaint with prejudice, and must permit amendment, where a plaintiff can remedy the complaint by an amendment, unless the amendment would be inequitable, futile, or untimely. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

### B.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Chimie v. PPG Indus. Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. (*Id.* at 247-48.) An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. (*Id.* at 249.) The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, "the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the nonmovant." *AFG Indus., Inc. v. Cardinal IG Co., Inc.*,

375 F.3d 1367, 1371 (Fed. Cir. 2004) (citing *Crown Operations Int'l, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1375 (Fed. Cir. 2002).

## IV.    DISCUSSION

### A.    Sovereign Immunity

Brathwaite's complaint seeks to hold the defendants liable in both their official and individual capacities. The defendants contend that they are entitled to Eleventh Amendment immunity for claims brought against them in their official capacities. The defendants, as officials of the DCC, are state officials acting under color of state law. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 465 (S.D.N.Y. 1997). A suit against a state agency or state official in his or her official capacity is treated as a suit against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is so because neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). While a state is normally entitled to sovereign immunity, Congress may have abrogated the state's immunity through a valid exercise of its power, or the state itself may have waived its immunity. *See Lavia v. Commonwealth of Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000).

Neither of the two above-mentioned sovereign immunity exceptions are relevant here. First, the state has not waived its Eleventh Amendment immunity. A waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Space Age Products, Inc. v. Gilliam*, 488 F. Supp. 775, 780 (D. Del. 1980) (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Such an express waiver may be made through clear constitutional or statutory language. *See Lavia*, 224 F.3d at 195. Neither the constitution nor any Delaware statute expressly waives Delaware's Eleventh

6

Amendment sovereign immunity. *See Ospina v. Dept. of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1990). Therefore, Delaware has not clearly waived its immunity.

Finally, Congress has not abrogated the states' immunity for claims under Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Since Delaware's immunity has not been waived or abrogated, the court will dismiss Brathwaite's claims against the defendants in their official capacities.

### B.    Individual Liability under 42 U.S.C. § 1983

Brathwaite's complaint also seeks to hold the defendants liable in their individual capacities. In order to recover against the defendants individually, Brathwaite must show that he was deprived of a constitutional right by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48-54 (1988). As previously mentioned, the defendants, as prison officials of the DCC, are state officials acting under the color of state law. Thus, the only issue remaining for the court to determine is whether the defendants deprived Brathwaite of any constitutional right. The defendants contend that the court should either dismiss Brathwaite's claims against them because he has not alleged sufficient facts to state a claim, or grant them summary judgment because no genuine issues of material fact exist with respect to his claims. The court will first address the motion to dismiss, and then turn to the motion for summary judgment.

1.    Motion to Dismiss

a.    Brathwaite's Conspiracy Claim Against Nkwopara, Stevenson, Thomas, and Wallace

Brathwaite claims that Nkwopara, Stevenson, Thomas, and Wallace conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985(2).[2] Specifically, he alleges that, Nkwopara, Stevenson, Thomas, and Wallace conspired to file false reports and obstruct justice by "conspiring to cover up [the alleged assault against him on October 9, 2004]."

In order to state a claim under 42 U.S.C. § 1985(2), which provides a cause of action against persons who conspire to obstruct justice, Brathwaite must allege that:

> two or more persons . . . conspired to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . ; or two or more persons conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). The two categories in which a cause of action under Section 1985(2) will lie are "(1) when there has been obstruction of justice, including, for instance, intimidating or injuring witness, and (2) when there has been a conspiracy for the purpose of impeding the due course of justice in any state or territory." *Altieri v. Penn. State Police*, No. Civ. A. 98-CV-5495, 2000 WL 427272, at *16 (E.D. Pa. Apr. 19, 2000) (citing *Messa v.*

---

[2] It is not clear to the court from the face of Brathwaite's complaint whether he is attempting to state a claim under Section 1985(2) or (3). However, the language used in the complaint suggests that Brathwaite is attempting to state a claim under Section 1985(2). In any event, Brathwaite's claim would fail whether the court analyzes it under Section 1985(2) or (3), because it does not meet the statutory requirements of either section.

*Allstate Ins. Co.*, 897 F.Supp. 876, 881 (E.D. Pa. 1995)). Brathwaite's complaint fails to state

upon which category of Section 1985(2) he bases his claim. However, an analysis under

either category demonstrates that Brathwaite's Section 1985(2) claim must fail.

Turning to the first category of Section 1985(2), Brathwaite has not alleged that there was

any obstruction of justice involving a witness or prospective witness in a federal court proceeding.

Indeed, his complaint alleges only that Nkwopara, Stevenson, Thomas, and Wallace conspired to

cover up a "crime," *i.e.* the alleged assault against him on October 9, 2004. (*Id.*) With respect to

the second category of Section 1985(2), Brathwaite has not alleged any facts to support a claim that

a conspiracy existed to obstruct justice in a manner that would deprive him of equal protection of

the law. *See Altieri*, 2000 WL 427272, at *16. That is, although Brathwaite broadly alleges a

conspiracy in his complaint, he has failed to allege specific facts that reveal the existence of a

conspiracy against him by Nkwopara, Stevenson, Thomas, or Wallace. Thus, the court will dismiss

this claim.

        b.       Brathwaite's Excessive Force Claim Against Carpenter, Stevenson, and Wallace

Brathwaite's complaint alleges that Carpenter, Stevenson, and Wallace assaulted him with

weapons, and with their hands and feet. (D.I. 2 Statement of Claims, at 1.) Brathwaite claims that

on October 9, 2004, Wallace entered his cell to conduct a strip search and, when he requested that

a Lieutenant be present, Wallace replied that "[he wasn't] playing any f***ing games with him."

(D.I. 2 Affidavit, at 1.) Wallace then sprayed him in the face with mace and left his cell. (*Id.*)

Brathwaite further alleges that, for no apparent reason, Wallace returned to his cell and proceeded

to spray mace in his face, and over his entire body. (*Id.*) Brathwaite also claims that, after Wallace

emptied the can of mace into his cell, he called Stevenson over, opened the cell door, and told him

to turn around to be handcuffed. (*Id.*) After complying, Brathwaite claims that he was pushed to

the floor and that, while he was laying there, Stevenson and Wallace "proceeded to kick, punch, and

stomp on [him]," causing broken ribs, loosened teeth, scratches, bruises and swollen body parts.

(*Id.*) According to Brathwaite, as a result of the incident, he attempted to commit suicide. (*Id.*)

Brathwaite claims that when the officers, including Carpenter, saw him "hanging from the ceiling"

they did not come to his aid. (*Id.*) Instead, Carpenter entered his cell and "sprayed [him] in the face

with mace." (*Id.*)

The defendants assert that the court should dismiss Brathwaite's claims against them because

the complaint fails to include any allegation sufficient to sustain an Eighth Amendment claim under

42 U.S.C. § 1983. According to the motion, Brathwaite cannot establish that the force used by

Carpenter, Stevenson, and Wallace was maliciously applied to cause him harm. (D.I. 59 ¶ 10.)

Stevenson and Wallace claim that Brathwaite "continually refused orders to permit officers to

conduct a strip search." (*Id.* ¶11.) The motion further contends that Carpenter, Stevenson, and

Wallace "used minor force appropriate for the situation." (*Id.* ¶¶ 12, 16.) Lastly, these defendants

contend that Brathwaite did not demonstrate an injury of sufficient severity to establish an Eighth

Amendment claim. (*Id.* ¶ 13.)

When analyzing an excessive force claim under the Eighth Amendment, the court must

determine "whether the force was applied in a good faith effort to maintain or restore discipline or

maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312,

320-21 (1986) (citations omitted). In making its determination, the court will have to decide whether

the force was applied in good faith by weighing the following factors: (1) the need for the application

of force, (2) the relationship between the need and the amount of force that was used, (3) the extent

of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, although the defendants contend that the force used by Carpenter, Stevenson, and Wallace was not maliciously applied, the court cannot agree. Brathwaite's complaint alleges that, while laying on the floor with his arms handcuffed behind his back, Stevenson and Wallace kicked, punched, and stomped on him for no apparent reason, and without provocation. In addition, he claims that instead of coming to his aid when he needed help, Carpenter sprayed him in the face with mace. Given these allegations, the court concludes that Brathwaite's complaint alleges a set of facts that, if proven true, could entitle him to relief.

Furthermore, the court cannot agree with the defendants' contention that Brathwaite's injuries were minor. Brathwaite claims that the blows directed at him, caused bruises, swelling, loosened teeth, and cracked ribs. In the court's view, the allegations concerning Brathwaite's injuries clearly fall within the purview of the Eighth Amendment. Thus, given the nature of these averments, there is no basis for dismissal of this § 1983 claim. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

Additionally, "in a motion to dismiss the court is limited to the facts contained and alleged in the complaint and may not consider facts raised for the first time by parties in legal briefs." *Brandt v. Aunach*, No.05 Civ.A. 2070DRD, 2005 WL 3077922 at *2 (D.N.J. Nov. 14, 2005). In other words, at this stage of the proceedings, the court will not accept the information contained in the documents attached to the defendants' motion to dismiss, because it is bound to accept Brathwaite's alleged facts as true and view them in the light most favorable to him. "The question the court must answer is not whether [Brathwaite] will prevail, but rather whether there are any circumstances that would entitle

11

him to relief." *Id.*  Therefore, although Carpenter, Stevenson, and Wallace may have a valid defense

to Brathwaite's excessive force claims, at this time the court will not consider the additional facts

raised by the defendants in an effort to establish that defense.

        c.      Brathwaite's Excessive Force Claim Against Rispoli

       Brathwaite's complaint alleges that on October 22, 2004, Rispoli entered his cell and

physically assaulted him. (D.I. 2 Affidavit, at 3.)  According to Brathwaite, after being handcuffed,

Ripsoli along with three other unidentified officers entered his cell in order to conduct a search. (*Id.*)

Brathwaite further claims that Rispoli "[struck him] in the face with [his] forearms and [struck his]

body with punches and knees." (*Id.*)  Brathwaite also alleges that Rispoli verbally assaulted him

during the course of the alleged physical assault. (*Id.*)  Brathwaite, however, does not allege that he

was injured as a result of this alleged assault.

       The Prison Litigation Reform Act ("PLRA") requires that an inmate suffer a physical injury

before bringing a civil rights claim.  42 U.S.C. § 1997e(e).  The PLRA provides that "[n]o federal

civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for

mental or emotional injuries suffered while in custody without a prior showing of physical injury."

42 U.S.C. § 1997e(e).  The Third Circuit has held, however, that section 1997e(e)'s physical injury

requirement applies only to claims for compensatory damages, because "[c]laims seeking nominal

or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate

constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively."

*Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (quoting *Allah v. Al-Hafeez*, 226 F.3d 247, 252

(3d Cir. 2000)).  Further, section 1997e(e) does not apply to claims seeking injunctive or declaratory

relief. *Mitchell*, 318 F.3d at 533-34.  Thus, section 1997e(e)'s "physical injury" requirement will not

effect any nominal, punitive, or injunctive relief that a plaintiff has requested in his complaint.

Turning to Brathwaite's complaint, he requests both compensatory and punitive damages. (D.I. 2 Affidavit. at 5.) With respect to Brathwaite's request for compensatory damages, the court concludes that his complaint does not allege any physical injury and, therefore, does not state a claim. Unlike the purported assault on October 9, 2004, Brathwaite makes no claim of injury arising out of the October 22, 2004 incident. However, the court will grant Brathwaite leave to amend his complaint, if he chooses.

In spite of the dearth of allegation regarding physical injury, as held in *Mitchell*, 42 U.S.C. § 1997e(e) does not bar Brathwaite's request for punitive damages. Therefore, at this juncture, Brathwaite's claim for punitive damages to vindicate his constitutional rights will stand.

      2.      Summary Judgment

            a.      Brathwaite's Deprivation of Due Process Claim Against Merson, Rendina, and Savage

Brathwaite's complaint alleges that Merson continuously gave fictitious reasons why he could not file grievances. He further claims that he was denied due process because Merson refused to delegate his grievances to the appropriate officials. (D.I. 2 Statement of Claims, at 2.) Brathwaite's complaint does not contain any other allegations with respect to Merson. The complaint, however, does allege additional due process claims against Savage and Rendina. Specifically, Brathwaite avers that, after the alleged assault on October 9, 2004, he was given a disciplinary report and brought up on false charges regarding the incident. (*Id.*) Brathwaite next claims that Savage denied him due process because he "neglected to provide 24 hour notice of the grievance hearing" regarding the October 9, 2004 encounter. (*Id.*) He also contends that Savage "denied him a right to a full statement" relating to the incident, and "refused to conduct an investigation into [the alleged assault],

even though he heard people talking about how the charges were false." (*Id.*) In addition, Brathwaite contends that Rendina violated his right to due process because he denied Brathwaite's grievance appeal regarding the alleged assault without an investigation into the incident. According to Brathwaite, Rendina neglected to provide a written answer to his grievance appeal, thereby violating his constitutional rights. (*Id.*)

In response, Merson, Rendina, and Savage contend that Brathwaite's claims against them should fail because his constitutional rights were not violated. That is, these defendants assert that Brathwaite does not "have a constitutionally protected right to the prison grievance procedure." (D.I. 68, at 12 ¶ 1.) They further argue that Brathwaite cannot demonstrate that his access to the courts has been compromised by their behavior. (*Id.*) The court agrees with the defendants.

A plaintiff bringing a § 1983 suit based on a violation of the due process clause must allege and prove five things: (1) that he was deprived of a protected liberty or property interest; (2) that his deprivation was without due process; (3) that the defendants subjected the plaintiff, or caused the plaintiff to be subjected to, this deprivation without due process; (4) that the defendant was acting under color of state law; and (5) that the plaintiff suffered injury as a result of the deprivation without due process. *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989). Here, Brathwaite cannot prove the first element necessary to sustain a § 1983 claim based on a violation of the due process clause, because the Third Circuit has held that, a violation of a prison grievance procedure is not tantamount to a deprivation of a protected liberty or property interest. *See Burnside v. Moser*, 138 Fed. App'x 414, 416 (3d. Cir. 2005) (not precedential) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). "A prisoner's constitutional right to petition the government for redress of grievances is the right of access to the courts, which is not compromised by the prison's refusal to entertain a grievance."

14

*Hoover v. Watson*, 886 F. Supp.410, 419 (D. Del. 1995).

Even if Brathwaite's claim that Merson continually invented reasons for not filing his grievances is true, this did not prevent him from accessing the courts. Furthermore, the bases for Brathwaite's § 1983 claim as to these defendants are Savage's alleged failure to provide him a grievance hearing, and Rendina's failure to investigate his grievance before denying it. As such, these are claimed violations of the prison grievance procedure, which are not sustainable under § 1983. Accordingly, no genuine issues of material fact exist with respect to these claims. Summary judgment, therefore, is appropriate as to Merson, Rendina, and Savage.

> b.    Brathwaite's Deprivation of Due Process Claim Against Holman and Malay

Finally, Brathwaite alleges that Holman and Malay denied him due process when they neglected to properly address his grievance with respect to the alleged assault on October 9, 2004. Specifically, Brathwaite alleges that Malay wrote a letter stating that his appeal was denied and attached a falsified appeal decision. (D.I. 2 Statement of Claims, at 2.) Brathwaite further contends that Holman ignored the grievance "forwarded to [him] for a follow up investigation" and neglected to ask him "to give a statement [or] to give the names of witnesses." (*Id.*, at 5.) The defendants contend that Brathwaite does not allege how Malay or Holman were personally involved with any alleged constitutional violations. Moreover, they contend that Brathwaite "does not describe when, where, how or whether Holman had knowledge of, acquiesced in, or was even remotely responsible for an assault on him." (D.I. 68, at 5.) With respect to Malay, they argue that "Brathwaite's complaint is completely devoid of any cognizable § 1983 claim." (D.I. 68, at 14.)

The Third Circuit has held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of

respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In other words, a plaintiff must allege and prove a causal connection between the defendants and the alleged wrongdoing in order to recover. *Rode*, 845 F.2d at 1207. A plaintiff establishes a causal connection by showing that the defendants were personally involved in the alleged wrongs through allegations of either personal direction or actual knowledge and acquiescence. *Id.* Finally, a plaintiff must allege personal involvement with particularity, stating the time, place, and persons responsible for the violations. *See Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980).

Viewing the allegations of Brathwaite's complaint in a light most favorable to him, and in the context of the applicable law, the court concludes that he has not provided any evidence that Holman or Malay were involved in, had personal knowledge of, or in any way acquiesced to any deprivation of his constitutional rights. As stated in her affidavit to the memorandum filed in support of the motion for summary judgment, Malay's official duty was merely to enter the data on the appeal documentation; she did not have decision making power in the hearing process. (D.I. 68, Ex. K ¶ 2.) Additionally, Brathwaite has failed to show with any particularity that Malay believed the appeal documentation may have contained false information. With respect to Holman, Brathwaite has alleged only the supervisory functions of a security superintendent. As previously discussed, however, a § 1983 defendant cannot be held liable under a respondeat superior theory. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994). Moreover, the mere existence of grievances is not enough to impute knowledge to the defendants, Holman and Malay. *Rode*, 845 F.2d at 1208 (noting that if the filing of a grievance was enough to impute liability to a government official, it would permit personal liability in most cases). Because Brathwaite cannot demonstrate any personal

16

involvement by Holman or Malay, summary judgment in favor of these defendants is appropriate.[3]

Dated: July 17 , 2006

UNITED STATES DISTRICT JUDGE

FILED

JUL 1 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[3] Even if respondeat superior did not bar Brathwaite's claims against Holman and Malay, the court would still grant the summary judgment motion because Brathwaite's claims against them concern the prison grievance system and policies, which are not actionable under Section 1983. *See Burnside*, 138 Fed. App'x at 416 (citation omitted) (noting that, in the Third Circuit, inmates "do not have a constitutionally protected right to the grievance process.")

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN BRATHWAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID K. HOLMAN, ANTHONY J. | ) |
| RENDINA, CATHY  MALAY, LARRY | )    Civil Action No. 04-1542 (GMS) |
| SAVAGE, MARCELLO RISPOLI, | ) |
| ROBERT WALLACE, MATT | ) |
| STEVENSON, STEPHANIE CARPENTER,) | |
| BARBI THOMAS, EDWIN NKWOPARA, | ) |
| LISE MERSON, and VALERIE DUNN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    State Defendants Carpenter, Nkwopara, Stevenson, Thomas, and Wallace's Motion

to Dismiss (D.I. 58) is GRANTED in part and DENIED in part.

2.    The plaintiff's conspiracy claim against Nkwopara, Stevenson, Thomas and Wallace

shall be DISMISSED with prejudice.

3.    State Defendants' Motion to Dismiss/Motion for Summary Judgment (D.I. 69) is

GRANTED in part and DENIED in part.

4.    The plaintiff's claims against Holman, Rendina, Malay, Savage, and Merson shall be

dismissed with prejudice.

5.      The plaintiff shall be permitted to amend the complaint as directed in the court's

Memorandum.  The amended complaint shall be filed within fifteen (15) days from

the date of this Order.

Dated: July 17, 2006

_____
UNITED STATES DISTRICT JUDGE

FILED

JUL 1 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2