IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Robert Wallace, et al., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS CARPENTER, WALLACE STEVENSON AND RISPOLI**

Stephanie Carpenter, Robert Wallace, Matt Stevenson and Marcello Rispoli, ("State Defendants"), by and through counsel, hereby answer the complaint (the "Complaint") filed by Kevin Braithwaite ("Plaintiff") against them.

1. State Defendants admit that the Plaintiff is an inmate incarcerated at the Delaware Correctional Center. ("DCC").

2. State Defendants admit that they are employed by the State of Delaware Department of Correction, and are currently working at the DCC. State Defendants lack information or knowledge sufficient to form a belief as to employees of the medical provider, First Correctional Medical.

3. State Defendants deny that they failed to perform their duties as required by State law.

STATEMENT OF CLAIM

The Plaintiff does not set forth his claims in separate, numbered paragraphs; however, his Statement of Claim is construed to allege an Eighth Amendment use of

excessive force claim on October 9, 2004 against State Defendants. Plaintiff attaches an affidavit to his complaint detailing his claims.

1. State Defendants deny that they assaulted Plaintiff on October 9, 2004, with a dangerous weapon and with hands and feet.

2. State Defendants deny that First Correctional Medical refused to provide medical attention to Plaintiff.

3. State Defendants deny that Plaintiff informed Officer Thomas that he was suicidal and was going to kill himself.

## SECOND & THIRD PARAGRAPHS IN PLAINTIFF'S COMPLAINT

The allegations in paragraphs two and three allege claims against DOC Defendants who were dismissed from this case in the Court's Memorandum issued July 17, 2006. (D.I.77). The Conspiracy claim against Defendants Wallace, Stevenson and Thomas was also dismissed in the same Memorandum; therefore, no further response to either of these paragraphs is required.

## ALLEGATIONS IN PLAINTIFF'S AFFIDAVIT

4. State Defendants admit that Defendant Wallace conducted a search of Plaintiff's cell on October 9, 2004.

5. State Defendant Wallace admits that Plaintiff possessed a razor blade in a hidden pocket in his under-shorts when he was ordered to strip for search. By way of further answer, Plaintiff became verbally belligerent, aggressive, non-compliant and disorderly when Defendant Wallace ordered him to strip.

6. State Defendant Wallace admits that plaintiff repeatedly refused orders to strip and with closed fists attempted to punch Defendant Wallace. By way of further

answer, for his safety and security, and in order to restore order and maintain discipline, Defendant Wallace had to spray a burst of pepper foam at plaintiff to regain control of plaintiff.

7. Defendants admit that additional officers were called to assist Defendant Wallace to handcuff and remove the Plaintiff, who was physically aggressive, non-compliant and disorderly, which Defendant had a duty to do.

8. Denied that Plaintiff complied with orders to turn around and be handcuffed. By way of further answer, Plaintiff attempted to strike another officer, Sgt. Philips who was trying to handcuff plaintiff, which Defendant had a duty to do.

9. Defendants admit that for the safety and security in the cell, they had to remove plaintiff, who was physically aggressive, non-compliant and disorderly to secure his handcuffs and leg restraints.

10. Defendants deny that they "kicked, punched and stomped" Plaintiff who continued to be combative and resistant when they handcuffed and placed him in leg restraints as they are trained to do when confronted with a combative and resistant inmate. By way of further answer, as a result of Plaintiff's physically aggressive, non-compliant and disorderly conduct, State Defendants had to escort Plaintiff to the Security Housing Unit and secure him in a holding cell to regain control.

11. State Defendants admit that medical staff did examine Plaintiff after he was escorted to a secured location, and after pepper foam was used to gain control. By way of further answer, as far as the remaining allegations directed at the medical staff, Defendants lack information or knowledge sufficient to form a belief as to the allegations and therefore deny the claim.

12. State Defendant Carpenter admits that Plaintiff was observed to have a bed sheet tied to the light cage in his cell and appeared to be placed around his neck when she called for the cell door to be opened. By way of further answer, when the cell door was opened and she entered, plaintiff lunged for her thereby prompting her to spray capstun in plaintiff's eyes.

13. State Defendants admit that the Plaintiff was treated by the medical staff for the use of the capstun, and then secured in a suicide observation cell. By way of further answer, State Defendants lack knowledge or information sufficient to form a belief as to the allegations directed at the medical staff and therefore deny the allegations.

## RELIEF SOUGHT

14. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

15. It is specifically denied that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

16. Plaintiff has failed to state a claim upon which relief can be granted.

17. Plaintiff has failed to exhaust his administrative remedies.

18. Defendants are entitled to qualified immunity.

19. Plaintiff's claims under state law, are invalid under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

20. Plaintiff's injuries, if any, existed prior to the date of the alleged wrongful conduct by State Defendants.

21. Plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

22.  Plaintiff's alleged injuries, losses or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for which State Defendants had no right of authority or control.

23.  Plaintiff acted with contributory negligence.

24.  Plaintiff's Complaint, to the extent that it seeks punitive damages, fails to state a cause of action supporting the punitive damages claim.

WHEREFORE, the State Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims, and attorney's fees and costs be awarded to state defendants.

Dated: August 30, 2006                    **STATE OF DELAWARE**
                                           **DEPARTMENT OF JUSTICE**

                                           /s/ Ophelia M. Waters
                                           Ophelia M. Waters, ID#3879
                                           Deputy Attorney General
                                           Carvel State Office Building
                                           820 North French Street, 6th fl.
                                           Wilmington, DE  19801
                                           (302) 577-8400

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006, I electronically filed *Answer* with the Clerk of Court using CM/ECF.  I hereby certify that on August 30, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Braithwaite; SBI # 315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ Ophelia M. Waters
        Ophelia M. Waters, I.D. #3879
        Deputy Attorney General
        820 North French Street, 6th Floor
        Wilmington, Delaware 19801
        (302)577-8400
        ophelia.waters@state.de.us