IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Thomas Carroll, Warden, et al., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VIOLET DUNN'S REPLY BRIEF IN SUPPORT OF
HER MOTION TO DISMISS/SUMMARY JUDGMENT**

COMES NOW, defendant Dunn, by and through undersigned counsel and hereby replies to "Plaintiff's Response to Defendant's Motion to Dismiss. " (hereinafter "Reply Brief").

1. On or about December 23, 2004, plaintiff's complaint alleging violations of 42 U.S.C. §1983 against numerous DOC and Medical personnel was filed in the United States District Court for the District of Delaware.  (D.I. #2).

2. On or about January 25, 2005, plaintiff was granted leave to proceed *in forma pauperis* by Order of the Court and service of process was issued. (D.I. #4).

3. On or about March 21, 2005, the plaintiff amended his Complaint to add DOC defendant Violet Dunn. (D.I.#9).  Defendant Dunn was among several defendants subsequently dismissed in the Court's Memorandum Opinion issued on or about March 29, 2006. (D.I.#63). Additionally, the Court permitted the plaintiff to amend his Complaint as directed in the Court's Memorandum. *Id.*

4, On or about May 1, 2006, the plaintiff filed an Amended Complaint alleging Eighth and Fourteenth Amendment violations against defendant Dunn.

(D.I.#74). On or about October 30, 2006, defendant filed a Memorandum of Points and Authorities in Support of her Motion to Dismiss/Motion for Summary Judgment arguing, *inter alia*, that plaintiff had failed to state a claim upon which relief had been granted and that the defendant is protected from liability under the Eleventh Amendment, Sovereign Immunity, and Qualified Immunity. (D.I.#85).

      5.      On or about November 13, 2006, defendant's counsel received plaintiff's Answering Brief to Defendant's Motion to Dismiss wherein he re-argues that on or about December 14, 2004, he was allegedly sprayed with mace by some correctional officers while sleeping. (Answering Brief, ¶1). In support of his claim, plaintiff further alleges that "some of the mace was clearly on the door frame which proves that this plaintiff was assaulted." *Id.* Defendant clearly states in her affidavit that she could not have sprayed the plaintiff as correctional officers were not permitted to carry mace in the infirmary area where the alleged incident took place. (See Exh. A-1, ¶4). Furthermore, the finding of mace residue on the door frame does not establish that plaintiff was assaulted; nor does it demonstrate the alleged involvement, if any, of the defendant. There is no dispute among the parties that mace residue was found in and about plaintiff's cell; the disagreement lies in who sprayed the mace. Defendant asserts that a subsequent investigation of the incident concluded that mace was sprayed as a result of actions solely undertaken by the plaintiff with the corroboration of Gerron Lindsey another infirmary inmate. (Exh.B-2 at ¶5). To date, the plaintiff has provided no supporting evidence, affidavits or otherwise, to contravene these facts.

6. When a Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) which includes facts outside pleadings pursuant, such a motion will be treated as a Motion under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b)

Fed. R. Civ. P. 56(c) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Primarily, plaintiff's factual assertions are not provided as required by Rule 56(c), but are merely bald assertions with no supporting affidavits. Plaintiff alleges in his Answering Brief that "another witness has come forward who saw defendant Violet Dunn shaking up a can of mace prior to the assault;" however, the plaintiff offers no affidavit from this alleged witness, nor does he present a factual dispute. Instead plaintiff merely recites the allegations of his Amended Complaint failing to demonstrate that his claims rise to the level of a constitutional violation. The pleadings and affidavits, show there is no genuine issue of material fact and that the moving party is entitled to dismissal as a matter of law.

> Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where 'the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. The moving party always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the materials, which it believes demonstrates the absence of material fact. The moving party is not required to negate the nonmovant's claim, but is only required to point out the lack of evidence supporting the nonmovant's claim. Once the moving party meets his or her burden, the burden shifts to the nonmovant

>to go beyond the mere allegations or denials of the pleadings and designate specific facts showing there is a genuine issue for trial. In determining whether there is a triable dispute of material fact, the Court must construe all inferences from the underlying facts in the light most favorable to the nonmovant. However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Thus, if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Carrigan v. State of Delaware, et al.,* 957 F. Supp 1376 (D.Del. 1997).

      7.    Plaintiff alleges that internal affairs officer, Joe Richardson "has a common practice of lying and covering up evidence….and is known for attempting to get witnesses to change their original statements as he did with witness Gerron Lindsey." (Answering Brief, ¶2). *Id.* The plaintiff notwithstanding, fails to submit an affidavit from Gerron Lindsey or any other alleged witness contravening Richardson's investigation findings. Plaintiff's arguments contained within his Answering Brief rest on the mere allegations and denials of the pleadings, and fail to designate specific facts showing there is a genuine issue for trial.

      As existing factual discrepancies are not significantly probative of plaintiff's claim, defendant's interpretation of the case and argument are acceptable as true and dismissal, or, in the alternative, summary judgment is appropriate.

      8.    Wherefore, for the reasons stated herein as well as those stated in defendant's Original Motion to Dismiss and Supporting Memorandum of Points and Authorities, defendant respectfully requests this Honorable Court grant her Motion to Dismiss or, in the alternative, Summary Judgment.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters_____
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
820 N. French Street,
Carvel State Bldg., 6th floor
Wilmington, DE 19801
302-577-8400

Dated: November 20, 2006

### CERTIFICATE OF SERVICE AND MAILING

I hereby certify that on November 20, 2006, I electronically filed *State Defendant Violet Dunn's Reply Brief in Support of Her Motion to Dismiss/Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on November 20, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Brathwaite; SBI #315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Department of Justice
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us