IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Kevin Brathwaite, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1542-GMS |
| ) | |
| Marcello Rispoli et al., ) | |
| ) | Trial by Jury Demanded |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

COME NOW, Sgt. Robert Wallace, Sgt. Stephanie Carpenter, Lt. Matt Stevenson, Capt. Marcello Rispoli and Operation Support Specialist Violet Dunn ("Defendants") by the undersigned, and hereby move this Honorable Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). In support of this motion, Defendants offer the following:

1.     Kevin Brathwaite ("Plaintiff") is an inmate in the custody of the Department of Correction ("DOC") presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

2.     On or about January 30, 2007, Plaintiff filed a *Request for Production of Documents* as well as a *Motion for Depo*sitions. (D.I. 90, 91). Defendants are responding to Plaintiff's *Request for Production of Documents* in due time; however, Defendants filed a *Motion for Protective Order* or about February 5, 2007, regarding Plaintiff's *Motion for Depositions*. (D.I. 92) On or about February 6, 2007, Plaintiff filed an *Amendment to the Motion for Discovery* requesting the Court to order the Defendants to

provide the "transcripts of the deposition that Deputy Attorney General Eileen Kelly took on Gerron Lindsey." (D.I. 93) Plaintiff's motion provides no reason for this request. *Id.*

      3.      The *in forma pauperis* statute 28 U.S.C. §1915 permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, 28 U.S.C. §1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. §1915(b). There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. *Tabron v. Grace,* 6 F.3d 147, 158-159 (3d Cir. 1993) (quoting *Moss v. ITT Continental Baking Co.,* 624, 625 (E.D.Va 1979)).

      4.      Moreover, Fed.R.Civ.P.30(a) codifies a broad entitlement to taking depositions. This rule permits litigants to take the deposition of any person, including a party confined in prison, provided that the court has granted leave to do so. Fed.R.Civ.P. 30(a)(2). Parties may, unless the Court otherwise orders, record depositions by "sound, sound and visual, or stenographic means" with the party taking the depositions bearing the costs of recording. Absent from Rule 30 is any provision entitling an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition. Rather, Fed.R.Civ.P. 30(f)(2) specifically provides that "[u]pon payment of the *reasonable charges* therefore, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent." (emphasis added).

5. In the case at bar, the Plaintiff is requesting a copy of a deposition transcript from another *pro se* inmate case, litigated by a different Deputy Attorney General, and it appears a case in which the Plaintiff wasn't even a party. As previously stated, there is no statutory or judicial authority requiring defendants or the government to provide plaintiff with free deposition transcripts, that of his own or others. *Rivera v. Disabato,* 962 F.Supp. 38 (D. N.J. 1997); quoting *Santana v. United States,* 98 F.3d 752 (3d Cir.1993); *Badman v. Stark,* 139 F.R.D. 601 (M.D. Pa.1991); *Dixon v. Ylst,* 990 F.2d 478 (9th Cir.1993); *Papas v. Hanlon,* 849 F.2d 702 (1st Cir. 1988).

Wherefore, for the hereinabove listed reasons, Defendants respectfully request this Honorable Court grant Defendants' Motion for Protective Order.

                    **STATE OF DELAWARE**
                    **DEPARTMENT OF JUSTICE**

                    /s/ Ophelia M. Waters
                    Ophelia M. Waters, ID#3879
                    Deputy Attorney General
                    Department of Justice
                    Carvel State Office Building
                    820 North French Street, 6th fl.
                    Wilmington, DE  19801
                    (302) 577-8400
                    Ophelia.Waters@state.de.us

Dated: February 8, 2007

## *CERTIFICATE OF SERVICE AND MAILING*

I hereby certify that on February 8, 2007, I electronically filed *State Defendants' Motion for Protective Order* with the Clerk of Court using CM/ECF. I hereby certify that on February 8, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Brathwaite; SBI #315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us