IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Kevin Brathwaite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1542-GMS |
| | ) | |
| Marcello Rispoli, et al., | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION**

Defendants ("Answering Defendants") hereby respond to Plaintiff's Request for Production of Documents ("Request for Production"):

**GENERAL OBJECTIONS**

1. Answering Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Answering Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Answering Defendants object to the Request for Production to the extent that it purports to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Answering Defendants object to the Request for Production to the extent that it purports to seek information or documents not in their possession, custody or control.

5. Answering Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendants, but will not be produced.

6. Answering Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Answering Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendants' Responses, Answering Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. Any and all information regarding previous assaults on inmates that is in the employment files of all defendants.

**RESPONSE:** Objection to the extent that you request documents privileged and subject to protection from disclosure pursuant to 11 *Del. C.* §4322 as well as 29 *Del. C.* § 10002(g). Without waiving these objections, after a careful search there are no such documents.

2. All incident reports filed by the nine (9) officers that responded to building #17 cell U-8 on October 9, 2004 at 9:00 AM when they were responding to the false

emergency.

**RESPONSE:** Objection to the extent Defendants do not understand what you are requesting. Without waiving this objection see the Incident Reports regarding the October 9, 2004 incident relevant to the complaint provided.

3. The policies and procedures of protocol when an inmate's cell door is opened in the security housing unit (SHU) for the inmate to be taken out of his cell.

**RESPONSE:** Objection to the extent that Plaintiff seeks the Delaware Department of Correction policies and procedures privileged and subject to protection from disclosure pursuant to statutory law. Without waiving this objection, see the Delaware Correctional Center, Inmate Housing Rules and General Conduct which detail the rules and procedures when correctional staff are escorting SHU inmates leaving their assigned areas to any area provided.

4. Incident reports filed by all officers that worked in building #17 on October 9, 2004, on the 8-4 shift.

**RESPONSE:** See relevant Incident Reports provided.

5. The policies and procedures of protocol when spraying an inmate with mace when the inmate is already secured in his cell.

**RESPONSE:** Objection to the extent that you request documents privileged and subject to protection from disclosure pursuant to 11 *Del. C.* §4322. Without waiving this objection, see the Bureau of Prison's Use of Force Procedure 8.3 provided.

6. A copy of the statements given by inmate Gerron Lindsey on December 16, 2004, and January 9, 2005.

**RESPONSE:** Objection to the extent that you request documents privileged and

subject to protection from disclosure pursuant to 11 *Del. C*. §4322. Without waiving this objection, see the affidavit of Joe Richardson, the DCC's Institutional Investigator provided.

7. Copies of the logbook entries that shows that this plaintiff was strip searched and his cell thoroughly searched two (2) hours prior to the assault that took place on December 15, 2004.

**RESPONSE:** Objection to the extent that you request documents privileged and subject to protection from disclosure pursuant to 11 *Del. C*. §4322. Without waiving this objection, see logbook entry provided.

                                            **STATE OF DELAWARE**
                                            **DEPARTMENT OF JUSTICE**

                                            /s/ Ophelia M. Waters
                                            Ophelia M. Waters, I.D. #3879
                                            Deputy Attorney General
                                            820 North French Street, 6th Floor
                                            Wilmington, Delaware 19801
                                            (302)577-8400
                                            ophelia.waters@state.de.us

Dated: February 27, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on February 27, 2007, I electronically filed *Defendants' Response to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on March 2, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Kevin C. Braithwaite; SBI # 315294; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us