IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE
    Plaintiff

    V.                          C.A. #04-1542-G.M.S.
                                JURY TRIAL DEMANDED

MARCELLO RISPOLI et Al
    defendants



FILED

JUN 15 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO OPPOSE SUMMARY JUDGEMENT AND Proceed to Trial

This Plaintiff opposes these
defendants Motion for Summary
Judgement, And request that
this Matter be scheduled for
trial.
To Support this Motion, this
**Plaintiff** offers the Following:

1. Through the testimony of the numerous correctional officers that witnessed these incidents, this Plaintiff can prove that he was physically beaten and assaulted with a dangerous weapon.

2. On February, 28th 2007, this Plaintiff was ordered to give a deposition to the defendants attorney. During this deposition, this Plaintiff gave attorney, Ophelia Waters, a list of names of the many correctional officers that has already said that they will not lie for anyone, and will testify to the exact details of the assault that took place on october, 9th 2004. Ms. Waters office interviewed these officers and chose not to take affidavits from the officers that witnessed this brutal assault. **and the** only reason affidavits were not taken from these officers that witnessed this assault is because these officers told the truth about

What they saw. These officers know about the penalties of perjury. One of these witnesses ~~told~~ told a lieutenant, ("I'm not lying for nobody, if they would send Lil Kim to jail for lying in court, they'll probably throw the book at me.")

3. <u>Wallace and Stevenson - Assault</u>:

On october, 9th, 2004 these defendants claim that a razor fell from this plaintiffs underwear. This is a blatant lie. Witness testimony will clearly prove that razors are given out to every inmate on Saturdays and Tuesdays between 8:00 A.M. and 8:30 A.M. and witness testimony will also prove that this plaintiff was shaving just seconds before this assault took place. But in these defendants report, they tried to make it sound like the plaintiff had a weapon. The entire statement that defendants Wallace and Stevenson gave is a complete lie in attempts

to cover-up their wrong doing.
According to defendant Wallace's
affidavit, defendants Exhibit - A-3,
he claims in paragraph-7, that he
nor anyone else present, kicked
plaintiff in the back of his head
or stomped on his back. But
he conveniently left the name of
C/o Greg Turner, out of his
affidavit and his initial report,
defendants Exhibit - A-4. Because
he knew that C/o Turner did not
approve of what had taken place,
and he knew that C/o Turner
would not lie for him. Where as,
in defendant Stevensons affidavit,
defendants Exhibit, B-1, paragraph-3
and his initial report, defendants
Exhibit-B-3, he clearly mentions
C/o Turner as one of the officers
on the scene of this assault.
All officers on the scene of
any incident is required to
submitt a full report of what
they saw. The Attorney generals
office is fully aware of this
fact, but conveniently chose not
to use the reports of any of

the other 10-12 officers that
were on the scene. The officers
that witnessed this assault take
place must be given the opportunity
to testify as to what they saw
take place. And anyone who
chooses to perjure themselves must
be held accountable. SGT. Wallace,
has a history of assaulting inmates
while they are shackled and
handcuffed. See attached Exhibits
A-B-C-AND-D . And he has
been proven to be unreliable and
not credible in other court cases
See, STATE V.S. LUCAS, Sup. ct (2004)
In the defendants Exhibit I-1,
they make an attempt to manipulate
the court. The exhibit they present
only shows the first page of the
Medical report and leaves out the
written details in it's entirety.
The defendants also claim that
this plaintiff suffered no injuries.
The real fact is that this
plaintiff suffered numerous injuries.
See, attached Exhibit-E, the whole
report. After making numerous
attempts to have pictures of

My injuries taken, Nurse Holwerda
called the shift commander and
asked him to send someone over
to the infirmary to takes pictures
of all injuries. After waiting for
two days for someone to come
and take pictures of the injuries,
this plaintiff saw Lieutenant Rispoli,
in the infirmary and asked him
to contact the shift commander
about taking pictures of the
injuries. See, Exhibit-F.
After making numerous unsuccessful
attempts to have his damaged
teeth fixed that were caused by
the assault, this plaintiff filed
numerous grievances regarding proper
care for his injuries. See Exhibit
G. The inhouse grievance board
denied the plaintiffs grievance.
So this plaintiff appealed the
boards decision. After over two/½
years and many attempts to have
this matter rectified, The outside
grievance committee granted this
plaintiffs appeal and upheld his
grievance request. See Exhibit -H
These injuries now require surgery.

4. Defendant Carpenter - Assault with
   A dangerous weapon:

   Defendant Carpenters Affidavit And
   initial report is A complete lie
   And Fabrication. This can be
   proven through the testimony of
   the other officers that were
   on the Scene when defendant
   Carpenter chose to spray this
   plaintiff For Absolutely No reason.
   The Attorney generals office was
   given the Names of the other officers
   that Witnessed this unprovoked
   Assault, But chose to conveniently
   disregard the other officers Statements
   Simply because they would not Support
   their lies. The officers Must be
   given the opportunity to let the
   truth be Known.

5. Defendant Rispoli - Punitive damages:

   These defendants claim that Rispoli
   couldN't have Assaulted this Plaintiff
   on oct, 22nd, 2004 because he wasN't
   on duty in the infirmary. Defendant
   Rispoli is an Area Lieutenant and
   o

does not have any specific station
for duty. During his shift he
goes wherever he wants whenever
he wants. So to even suggest
that Rispoli couldn't have been there
because Violet Dunn and Don Overmeyer
were on duty, is just another
very weak attempt to manipulate
this court. Rispoli was not on
duty in the infirmary on october,
11th, 2004, but was still able to
have the conversation with this
plaintiff, See Exhibit - G . Once
again, Witnesses must be heard
for the truth to be known.

6. Defendant - Violet Dunn — Assault with
   a dangerous weapon:

   In the defendants argument for
   summary judgement, they claim
   excessive force. This is totally
   ridiculous. There was no excessive
   force. The actions of defendant
   Dunn was clearly assault with a
   dangerous weapon. There was
   absolutely no force neccessary,
   let alone excessive force. This

Plaintiff was sound asleep when this assault took place. This plaintiff has been a chronic asthmatic his whole life and takes asthma medication daily. And these defendants has the audacity to suggest that this plaintiff sprayed himself. To be sprayed with mace is not a pleasant experience for someone who is asthmatic. The reports and testimony of the lieutenants, officers and medical staff on the scene of this assault will support the factual allegations made by this plaintiff. And for these defendants to suggest that they are entitled to anytype of immunity is outrageous. If any of these defendants is granted immunity that would give any officer in the department of correction free reign to assault inmates whenever they want to. The actions of these defendants were in direct violation of the United States Constitution and criminal acts.

7. This PLAINTIFF ~~student~~ Attempted to
   File criminal charges Against
   these defendants that Assaulted
   him, And the Matter was Swept
   under the rug because the
   officials At the delaware Corr-
   ectional center refused to
   pursue criminal charges. And
   this PLAINTIFF was told the he
   did not have the right to file
   charges Against AN employee.

8. Through Witness testimony this
   PLAINTIFF CAN clearly prove that
   he Never resisted At Anytime,
   And complied At All times
   throughout every incident.

9. These defendants have A history
   of Assaulting inmates while they
   Are handcuffed And shackled.
   And All of these Facts CAN be
   proven.

10. This PLAINTIFF does Not have A
    history of Assault or Anytype
    of Aggression on Staff or
    Anyone else within the Facility.

Therefore, this Plaintiff request
that the defendants Motion for
Summary Judgement be denied,
And that this case be Scheduled
for trial.

Kevin C. Brathwaite
1181 Paddock Rd
Smyrna DE.
19977

Dated, June, 13th, 2007

# AFFIDAVIT

I Anthony J. Kellam States that the following Statement is being made under the Pains And Penalties of Perjury.

ON July, 1st 2002 While being housed in the Security housing Unit (S.H.U) in Bldg #17 Cell-B-U-12 I WAS physically Assaulted by SgT. Wallace And SgT. Belanger After being pen down to the floor and handcuffed I was beaten on the left side of my face with a Roitshield after being beaten in the face with the Roitshield SgT. Wallace leaned down towards the floor where they had me handcuffed and pened down and sprayed me in the face with pepper spray. I was Also denied medical treatment.

7-20-05                          Anthony J. Kellam

date                             Signature

Brian D Englen

NOTARY

Exhibit - A

# Affidavit

I, Eian Stradley, states that the following Statement is true and Correct.

While being housed in the maximum housing unit, (M.H.U) in building #21 on D tier, Sgt. Wallace physically assaulted me while I was handcuffed and shackled, by punching me in my face and kicking me in my stomach and stomping on me

Date. 8-17-06

Eian Stradley
Signature

Notary
8/12/06

Exhibit - B

## AFFIDAVIT

I Myron Johnson states that the following statement is true and correct.

While I was housed in the Security housing unit (S.H.U) Building #17, Sgt. WALLACE physically assaulted me while I was handcuffed, by punching me in my FACE numerous times.

_____
Signature

DATED August 3 2005

_____
NOTARY

EXhibit - C

I, Nate J.M. McCall states that the following
statement is true and correct.

On April 5, 2005, while being housed in building
17 (Recaution)-C-U3 at the Delaware Correctional Center I
was assaulted by Sgt. Robert Wallace. Approximately
at 10:15 Sgt Wallace, Officer Whaley, and Officer J.
Jackson came to my room for a shake down. In
assuming that there was something personal against
me because throughout the year I was housed there
no winter when Sgt. Wallace was on the tier to shake
down, he made his way to my cell 407 shake down
and strip search. While in my room Sgt Wallace took
my magazine, when I asked him why he was taking it
he said because it didn't have a name on it, when he
was coming out of the room I tried to kick the magazine
back inside the room, for the simple fact that there is
nothing in the inmate handbook stating inmates name must
be in or own magazine's but it does states how many you
can have. After going back and forth kicking the
magazine, Sgt. Wallace grabbed me and tried to shove me
face first into the corner of the steel frame in which
I tried to avoid. While in the process of turning to
avoid my face being shoved into the frame of the door
Sgt. Wallace cap-sprayed me, telling me the whole
while I was cuffed behind my back, I was never
any threat at any time cuffed, with my hands behind my
back, Once taken from the tier Sgt. Wallace began to act
very violently, he shackled me and pushed my back against the
locker slider and began to bend my hand in the cuff.

Exhibit - D

White the white face he repeatedly thrusted
the palm of his hard hazel in my back up until we
were walking towards building 18. While on the way
he ordered the other officer responding to the cell
to lift me up by the shackles that where on my arm
and carried me to a cell and dropped me without
me being able to support my fall. After that ordeal
I felt unsafe to this point. I felt it was better
to be evaluated by mental health and taken to
the infirmary for suicide watch in which I stayed
for three days for the fear of my life.

Respectfully Submitted

Tyler F.N. Goaner



# Infirmary Intake Form

## Nursing Assessment Protocol
Use Progress Notes for Additional Documentation

FCM

Inmate Name: _BRAITHWAITE, KEVIN_   Date: _10/10/04_ Time: _0010_

Number: _315294_ Date Of Birth: _5-27-62_   Medications: _See MAR_

Gender: _M_ Facility: _DCC_   Medications: _See MAR_

Allergies: _NKDA_   Appearance: ☒ No Distress ☐ Minimal Distress ☐ Acute Distress

SUBJECTIVE: Chief Complaint: ① _rib pain, attempt to "hang" self_

Symptoms:
☐ Delayed Verbal Response   ☐ Delayed Motor Response   ☐ Bleeding / Bruising Behind Ears
☐ Uncoordinated Movement   ☐ Confusion   ☐ Lack of Attention   ☐ Memory Loss
☐ Vision Changes _____   ☐ Loss of Balance   ☐ Headaches   ☐ Drowsiness
☐ Pain: Where: _____   Scale  1  2  3  4  5   ☐ Decreased LOC   ☐ Seizures

**OBJECTIVE:**
Temp: ____ Pulse: _93_ Resp: _18_ B/P: _149/98_ Pulse Ox: _____ WT: _____ Finger Stick: _____

☐ Evidence of trauma   **Mark and Describe on Diagram**
Head: ____
Torso: _ecchymosis_
Extremities: _on back_

☐ Wounds
Head: _Ø open_
Torso: _wounds_
Extremities: _noted_

☐ Deformities
Head: _none_
Torso: ____
Extremities: ____

**Legend**
A....Abrasion
B....Bruise
C...Raccoon's Eyes
L....Laceration
R...Rash
O....Other: ____

Left   Right

**ASSESSMENT:**
☐ Critical – Immediate Referral Local Emergency Department

☒ Stable - may house in infirmary

☐ Other: ____

Nurse's Signature and Stamp: _Brenda Holwerda RN_ Time: _10-10-04_

_Exhibit - E_



## NFIRMARY/OBSERVATION PROGRESS NOTES

AME: Braithwaite, Kevin NUMBER: 315294

| ATE | TIME | NOTES |
|-----|------|-------|
| 9/04 | 0010 | Received inmate to Infirmary. A- "Hey, Brenda, I need pictures taken of my injuries" — O- Upper & lower lips c noted abrations. ® posterior back c noted ecchymosis noted, Ø open areas noted. VS: WNL, neuro ✓ WNL. A- Alt in conflict/coping skills P- Maintain Level III and monitor. ——— B Holwerda R |
| 10 | 0900 | S nonverbal ⓞ lying on flr c eyes closed respirations non labored c no s/s of distress noted. Ⓐ Alterations in conflict/coping skills level II Ⓟ continue c plans of care ——— B Holwerda m |
| 10/4 | 0450 | S "Would you please take a look at my injuries and write them down?" ⓞ Sclera of left eye c blood visable. Ecchymosis noted on posterior tibia palatarly area on Ptibia approximately 3cm by 5cm ® tibia 3cm by 3cms. Ecchymosis noted on upper back, Ecchymosis on left bicep measuring approximately 5cm by 5cm. I/M states upper 2 teeth are loose. States 3 lower teeth are loose. Abrasions c swelling noted on both upper and lower lip. I/M states ribs are sore. Ⓐ Pain Ⓟ Continue c plan of care ——— Ellen McAuliffe |



F
C   CORRECTIONAL
MEDICAL

## INFIRMARY/OBSERVATION PROGRESS NOTES

NAME: Braithwaite Keoin    NUMBER: 315 294

| DATE | TIME | NOTES |
|------|------|-------|
| 1/11/04 | 0615 | S Did you include the information about my left jaw and right arm in your report" |
|  |  | O 1/11 o left mandible area appears slightly swollen compared to right. Area on right upper arm has abrasion measuring approximately 6cm by 4cm. |
|  |  | A alterable in comfort |
|  |  | P Continue c plan of care. MedicatepuMD-Electacle RN |
| 10/11/04 | 1/12 PM 1130 | BP at 0330 this A M 200/89 Now Repeat BP from 2 Nurses. Also Meds out of date. Dr. Rodgers here + aware @ alt compliance. Plan Encourage compliance i MuDann RN |
| 10/11/04 |  | pt seen + examined |
|  |  | From over @ the SHU pt refusing to take BP meds. Now pt in infirmary & refusing to have BP taken too. |
|  |  | I/M did allow NSG to take BP while I was present. BP= 165/101 |
|  |  | C/o rib pain/soreness only. |
|  |  | Heart- RRR NOM    Lungs-CTA b/L |
|  |  | Neck - ∅ bruits    Chest- ⊕ sided rib [...] |
|  |  | EXT- bruising ⊕LE |
|  |  | Back -ℝ upper bruising, superficial lac [...] |
|  |  | Mouth -bottom lip swollen, bruising |
|  |  | A/P: 1. S/P ORT'ed - Rib pain, Bruising [...]swelling |
|  |  | 2. HTN - uncontrolled, noncompliar [...] ips |
|  |  | △ BP med doses & freq. Motrin PRN |
|  |  | encourage pt to take meds + be compliant |
|  |  | cont to monitor |

FORM #584

**GRIEVANCE FORM**

FACILITY: D.C.C -                          DATE: 10-11-04

GRIEVANT'S NAME: Kevin Brathwaite        SBI#: 315294

CASE#: 8302                              TIME OF INCIDENT: Approx: 5⁰⁰ p.m

HOUSING UNIT: Medical Unit

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On oct, 11, 04 At Approximately 5⁰⁰ p.m. I told
LT. Rispoli that I needed him to contact Someone
to take pictures of all of my bruises and
lacerations that I Sustained As a result of
a brutal Assault by Correction officers.
LT. Rispoli told me to lay down and stop
Acting like a bitch. I do Not feel Safe
Around the officers that Assaulted me
or LT. Rispoli

ACTION REQUESTED BY GRIEVANT: That this matter be investigated
And that All of my injuries be photographed
And that I do Not be housed Anywhere
these officers work

GRIEVANT'S SIGNATURE:                        DATE: 10-11-04

WAS AN INFORMAL RESOLUTION ACCEPTED?        _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____        DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**RECEIVED**

OCT 1 8 2004

Inmate Grievance Office

Exhibit -F

EMERGENCY — FORM #585    7th REQUEST
GRIEVANCE

MEDICAL GRIEVANCE

FACILITY: D.C.C.    DATE SUBMITTED: 6-18-06

INMATE'S NAME: Kevin Brathwaite    SBI#: 315294

HOUSING UNIT: S.H.U.    CASE #: 50183

SECTION #1

DATE & TIME OF MEDICAL INCIDENT: Oct, 9th, 2004 thru JUNE, 2006

TYPE OF MEDICAL PROBLEM:

The injury I sustained on Oct, 9th, 2004 As A result of being Assaulted by officers while I was handcuffed And shackled, has developed A serious infection And is in Need of immediate attention.

GRIEVANT'S SIGNATURE: _____    DATE: 6-18-06

ACTION REQUESTED BY GRIEVANT: That I receive A root CANAL on My injured infected Front tooth

DATE RECEIVED BY MEDICAL UNIT: _____

NOTE: EMERGENCY MEDICAL CONDITIONS WILL TAKE PRIORITY. OTHERWISE. MEDICAL GRIEVANCES WILL BE ADDRESSED AT THE WEEKLY MEDICAL COMMITTEE MEETING.

RECEIVED

JUN 2 2 2006

Exhibit-G

Inmate Grievance Office

**DEPARTMENT OF CORRECTION**
**Bureau of Prisons**
**245 McKee Road**
**Dover, Delaware 19904**

March 12, 2007

17 - BL - 8

**Inmate BRATHWAITE KEVIN C**
**SBI # 00315294**
**DCC  Delaware Correctional Center**
**SMYRNA DE, 19977**

**Dear KEVIN BRATHWAITE:**

We have reviewed your Grievance Case # 46948 dated 06/08/2006.

Based upon the documentation presented for our review, we uphold your appeal request.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,

**Richard Kearney**
**Bureau Chief**

EXhibit - H

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** BRATHWAITE, KEVIN C | **SBI#** : 00315294 | **Institution** : DCC | |
| **Grievance #** : 46948 | **Grievance Date** : 06/08/2006 | **Category** : Individual | |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Resol. Date** : 03/13/2007 | |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 06/08/2006 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 17, Lower, Tier B, Cell 8, Single | | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: My front teeth have developed an infection and the dentist told me that I need a root canal which can only be approved by the DOC.

**Remedy Requested**    :  That I be given a root canal to properly treat the infection in my teeth.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** YES | **Date Received by Medical Unit :** 06/20/2006 |
| **Investigation Sent :** 06/20/2006 | **Investigation Sent To** : Rodweller, Deborah |
| **Grievance Amount :** | |

**DCC  Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2007

## GRIEVANCE INFORMATION - Appeal

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : BRATHWAITE, KEVIN C | **SBI#**        : 00315294 | **Institution**  : DCC |
| **Grievance #**   : 46948 | **Grievance Date**  : 06/08/2006 | **Category**   : Individual |
| **Status**      : Resolved | **Resolution Status** : Level 3 | **Inmate Status** : |
| **Grievance Type:** Health Issue (Medical) | **Incident Date**   : 06/08/2006 | **Incident Time** : |
| **IGC**       : Merson, Lise M | **Housing Location** : Bldg 17, Lower, Tier B, Cell 8, Single | |

### APPEAL REQUEST

Appeal received 14 November 2006.
Inmate states: The damage that was done to my front teeth is of no fault of mine. An infection has developed that requires a root canal. This problem has been ongoing since Oct., 9th 2004. the dentist told me that the only way I can get a root canal is if it gets approved by the DOC. The infection on my front teeth seems to be getting worse. So at this time I am requesting that my front teeth be repaired and that I get a root canal as soon as possible.

### REMEDY REQUEST

**DCC  Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2007

## GRIEVANCE INFORMATION - BGO

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** BRATHWAITE, KEVIN C | **SBI#** : 00315294 | **Institution** : DCC |
| **Grievance #** : 46948 | **Grievance Date** : 06/08/2006 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 06/08/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 17, Lower, Tier B, Cell 8, Single | |

### REFERRED TO

**Due Date :** 12/05/2006          **Referred to:** Person          **Name:** Welch, James

**Type of Information Requested :**
Grievant requests root canal & treatment for infection.

**Response to Information Requested :**

### DECISION

**Date Received :** 11/17/2006

**Decision Date** : 02/06/2007          **Vote :** Uphold

**Comments** :
Grievant needs dental care (fillings and root canal).

# AFFIDAVIT

I, GERRON LINDSEY, Can truly State:

Internal Affairs Officer Joe Richardson is suggesting that I told him Inmate Kevin Brathwaite Sprayed himself with mace. This is untrue and cannot be substantiated by any recorded conversations or signed statements with Internal Affairs by me. The Statement I gave Internal Affairs on the morning after the incident is what I Stand by.

I can truly state that, after the first conversation with Internal Affairs on the morning after the incident my Self and Internal Affairs never spoke any further about it. In fact, the one time I spoke with Internal Affairs (the morning after the incident) they recorded it and C/o Jeliff was present.

I can truly state that, the only other person who engaged in a conversation about the Situation was Deputy Attorney General Eileen during a deposition. She asked me did I and Kevin make a deal to lie for each other in which I stated no. And transcripts can verify that. I Stand on my statement of C/o Dunn Spraying Kevin Brathwaite because I CLEARLY witnessed her do so.

Exhibit I

GERRON LINDSEY
1181 Paddock Rd.
Smyrna, De 19977

NOTARY  Brian N Englem

DATED  2-7-07

Brian D. Engrem
Notary Public, State of Delaware
My Commission Expires June 14, 2008

## Certificate of Service

I Kevin C. Brathwaite states
that I have caused a copy of
the Attached, Motion to oppose
Summary Judgement And proceed
to trial, to be Mailed to the
Following Party, by way of U.S.
postal Service.

Ophelia Waters, Esq
Atty Gen office
820 N. French St.
Wilmington DE
19801

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
19977

Dated: June, 13th, 2007

INM: _KEVIN C. BRAITHWAITE_

SBI#: _315294_ UNIT _____

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**



$ 02.330
JUN 14 2007
0004-08975
MAILED FROM ZIP CODE 19977

_UNITED STATES DISTRICT COURT_

_OFFICE OF THE CLERK_

_844 N. KING ST._   _LOCKBOX -18_

_Wilmington DE_

_19801_