IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN BRATHWAITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1542-GMS |
| | ) | |
| MARCELLO RISPOLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW, Defendants Marcello Rispoli, Matt Stevenson, Robert Wallace and Stephanie Carpenter, by and through undersigned counsel, and hereby reply to "Plaintiff's Motion to Oppose Summary Judgment and Proceed to Trial." (hereinafter "Answering Brief").

1. Plaintiff Kevin Braithwaite, ("Braithwaite") is a sentenced inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") at the Delaware Correctional Center, ("DCC") Smyrna, Delaware. On or about December 22, 2004, Braithwaite filed a Complaint pursuant to 42 U.S.C.§1983 with leave to proceed *in forma pauperis* alleging Eighth and Fourteenth Amendment violations against numerous DCC and Medical personnel. (D.I. 2). The Medical Defendants as well as all but the above four named Department of Correction ("DOC") Defendants have been dismissed. (D.I. 63, 65 and 105).

2. On or about June 1, 2007, Defendants filed a Memorandum of Points and Authorities in Support of their motion for summary judgment. (D.I. 103). On or about June 15, 2007, Brathwaite filed an Answering Brief. (D.I. 104). On or about June 21, 2007, in a Memorandum Order the Court granted Defendant Violet Dunn's Motion to Dismiss. (D.I. 105).

On or about June 22, 2007, Defendants filed a Motion for Enlargement of Time in which to respond to Brathwaite's Answering Brief. (D.I. 107). This is Defendants' Reply Brief.

      3.      Federal Rule of Civil Procedure 56(c) states:

      When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

      Primarily, Brathwaite's factual assertions are not provided as required by Rule 56(c), but are merely bald assertions with no supporting affidavits. Brathwaite claims that during his deposition he gave Defendants' counsel a list of "the many correctional officers that has [sic] already said that they will not lie for anyone and will testify to the exact details of the assault that took place on October 9, 2004." (Answering Brief, ¶2). Brathwaite further alleges that "Defendants' counsel's office interviewed these officers and chose not to take affidavits from the officers who witnessed this brutal assault because these officers were going to tell the truth about what they saw." *Id.* Brathwaite again, provides not one scintilla of evidence to support these patently false statements.

      <u>Wallace & Stevenson - Assault</u>

      4.      Contrary to Brathwaite's allegations, Defendant Stevenson does not allege that a razor fell from Brathwaite's underwear. (Ans. Brief, ¶3) Rather, Stevenson states in his affidavit that he was informed by Defendant Wallace that Brathwaite refused to obey orders to remove his underwear raising the suspicion that he was concealing something. (Op. Brief, B-1). Defendant Wallace's affidavit and Incident Report state that during the strip search a razor dropped out of what appeared to be a pocket in Brathwaite's underwear. (Op. Brief, A-1, 4). That Brathwaite had a razor in his possession was not the issue; that one fell out of a concealed pocket in his

underwear was a serious issue. Wallace ends his report saying that, "during the shakedown of Inmate Brathwaite's cell the underwear that Inmate Brathwaite had on were [sic] checked and found to have a pocket in the front." *Id.* The pocket in Brathwaite's underwear provided a place to conceal contraband and, while Brathwaite may disagree, a razor used for purposes other than for which it is intended can and has been used as a weapon inflicting serious injuries.

Incident reports are officers' recollections of events as each officer remembers them. These reports contain the time and place of the incident, the inmates and officers involved and the factual events. These reports are written by persons involved who witnessed the incident, and, therefore, the version of events may differ slightly according to that person's recollection. Wallace did not "conveniently" leave out the name of C/O Gregory Turner ("Turner") from his report and affidavit as Brathwaite alleges. Wallace's recollection of the facts as he remembered them were contained in his report written shortly after the incident and then subsequently in his affidavit. As it happened, Turner did not file an incident report. Turner's recollection of the incident that day however was, that Brathwaite was being confrontational with the officers resulting in Brathwaite being taken to the ground, handcuffed and shackled. (Affidavit of Gregory Turner attached hereto at Exh. A). Defendants contend that at no time was Brathwaite "brutally assaulted" as claimed, nor does the evidence reflect that such an assault took place.

Medical

5. Contrary to the evidence submitted thus far, including Brathwaite's medical records and notes written on the day of the incident, Brathwaite continues to allege that he suffered serious injuries. (Ans. Brief, ¶3). Brathwaite attached additional medical records ("records") to his Answering Brief regarding the October 9, 2004, incident and claims they support his thesis that his injuries were more serious and numerous than Defendants or medical

personnel claim. This additional material however lends no further support to Brathwaite's allegations. There is no notation in these records where Nurse Holwerda requested a shift commander to have someone come and take pictures of Brathwaite's injuries. These records reflect only that Brathwaite himself requested on several occasions that pictures be taken. (Ans. Brief, Exh. E). Furthermore, the sections of these records which Brathwaite underlined are his statements to the medical staff; they are not the diagnoses or opinions of the medical staff. Lastly, the records confirm what Defendants have previously stated, that Brathwaite's injuries of bruising and soreness in the rib and back areas are consistent with the actions of several officers having to wrestle Brathwaite to the ground in order to subdue him for refusing to obey orders.

Brathwaite further alleges inadequate medical care regarding his "damaged teeth" which he claims is a result from the October 9, 2004, alleged assault. (Ans. Brief, ¶3). On or about June 29, 2007, Brathwaite filed a *Motion for Preliminary Injunction* regarding these same allegations. (D.I. 110). Rather than respond to the dental treatment allegations in this motion, a more appropriate response will be provided in Defendants' response to Brathwaite's *Motion for Preliminary Injunction.*

<u>Carpenter, Rispoli & Dunn</u>

6.      Brathwaite alleges that "Defendant Carpenter's ("Carpenter") affidavit and initial report are a complete lie and fabrication which can be proven through the testimony of the other officers that were on the scene when Defendant Carpenter chose to spray this plaintiff for absolutely no reason." (Ans. Brief, ¶4). Carpenter has submitted an affidavit swearing to her version of events that transpired that night. Brathwaite again, has failed to submit any evidence contravening Carpenter's affidavit or any documentation supporting his allegations. Brathwaite simply relies on the "testimony of other officers."

Defendant Rispoli ("Rispoli") states in his affidavit that he was not on infirmary duty the night of October 22, 2004, and therefore, could not have assaulted Brathwaite. It appears Brathwaite in his Answering Brief suggests that Rispoli, while doing his regular duties had the time and inclination to slip over to the infirmary and assault him. It's also curious that Brathwaite was able to identify Rispoli during this alleged assault but was unable to identify any of the other three officers allegedly involved. Even if Rispoli does go "wherever and whenever" he wants as Brathwaite claims, there is still no evidence to support Brathwaite's contention that he was assaulted by Rispoli or any other officer that night.

Lastly, Violet Dunn's ("Dunn") Motion for Summary Judgment was granted by this Court in a Memorandum Order on or about June 21, 2007, (D.I. 105) therefore, a response to Brathwaite's allegations in his Answering Brief is not necessary at this time.

7.      Brathwaite has attached three other affidavits to his Answering Brief presumably in support his assault allegations. (Ans. Brief, Exh. A, B, & C). Not one of these affidavits has any causal connection to the case at bar. Exhibit A's affidavit in any case is time barred since the alleged incident occurred more than five years ago. The two other affidavits besides having no bearing on this case, fail to provide any dates when these alleged incidents took place, so they too could be time barred. These affidavits provide no supporting evidence to the allegations in Brathwaite's Complaint or Answering Brief.

8.      Brathwaite's arguments contained within his Answering Brief rest on the mere allegations and denials of the pleadings, and fail to designate specific facts showing there is a genuine issue for trial. Moreover, Brathwaite has not presented facts which would defeat the affirmative defenses found in the Eleventh Amendment, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Doctrine of

Sovereign Immunity, Del. Const. Art. I, Sec. 9; *Doe v. Cates,* Del. Super. 499 A.2d 1175 (1985), Qualified Immunity, *Anderson v. Creighton*, 483 U.S. at 640; *See also Good v. Dauphin County Social Services for Children and Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989); *Abdul-Akbar v. Watson,* 4 F.3d 195, 202 (3d Cir. 1993), *Vick v. Haller*, 512 A.2d 249 (1986), (affirmed in part and reversed in part on procedural grounds.).

WHEREFORE, for the hereinabove reasons as well as for those reasons outlined in Defendants' Memorandum of Points and Authorities in Support of their Motion for Summary Judgment, Defendants request this Court enter an Order dismissing Brathwaite's action pursuant to Fed. R. Civ. P. 56(c).

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
820 N. French Street,
Dated: July 9, 2007            Carvel State Bldg., 6th floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, I electronically filed *Defendants Marcello Rispoli Robert Wallace, Matt Stevenson, and Stephanie Carpenter's Reply Brief in Support of Their Motion for Summary Judgment.* I hereby certify that on July 9, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Kevin C. Brathwaite, Inmate
SBI #315294
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, ID# 3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us