IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN BRATHWAITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1542-GMS |
| | ) | |
| MARCELLO RISPOLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**

COMES NOW defendant Robert Wallace, ("Wallace") by and through his undersigned counsel, and hereby opposes Plaintiff Kevin Brathwaite's ("Brathwaite") motion for temporary restraining order and/or preliminary injunction. In support of his position, Wallace represents as follows:

1.   Braithwaite is a sentenced inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") at the Delaware Correctional Center, ("DCC") Smyrna, Delaware. On or about December 22, 2004, Braithwaite filed a Complaint pursuant to 42 U.S.C.§1983 with leave to proceed *in forma pauperis* alleging Eighth and Fourteenth Amendment violations against numerous medical and DCC personnel. (D.I. 2). Most of the defendants have been dismissed from this litigation except DOC defendants: Robert Wallace, Matt Stevenson, Stephanie Carpenter and Marcello Rispoli.

2. On or about June 1, 2007, defendants filed an Opening Brief in Support of their Motion for Summary Judgment. (D.I. 103). On or about June 15, 2007, Brathwaite filed an Answering Brief. (D.I. 104). Upon being granted a motion for enlargement of time, defendants filed a Reply Brief on or about July 9, 2007. (D.I. 111). Between Brathwaite's Answering Brief and Defendants' Reply Brief, Brathwaite filed a Motion for a Temporary Restraining Order against defendant Wallace on or about June 29, 2007. (D.I. 109). Fed.R.Civ.P. 65(b). This is Wallace's response in opposition.

3. To succeed under Rule 65(b), it must be clear from "specific facts shown, by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed.R.Civ.P. 65(b). Additionally, the standard for granting a temporary restraining order is the same standard that is applied for a preliminary injunction. *Bieros v. Nicola,* 857 F.Supp. 445, 446 (E.D.Pa.1994). Accordingly, the proponent must demonstrate the following: "1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest." *Id.* (citing, *Franks GMC Truck Center, Inc., v. G.M.C.,* 847 F.2d 100, 102 (3d Cir. 1988)).

4. In his motion, Brathwaite requests, "this honorable court grant this motion for a restraining order and issue an order that clearly states that defendant Wallace is not to have any contact with this plaintiff." (Complaint, *passim*). Brathwaite's motion presents nothing more than conclusory and patently false allegations; fails to state a causal nexus between Wallace and the actions alleged and fails to claim any irreparable injury. *Id.* First, Brathwaite alleges that Wallace was transferred from Brathwaite's

building #17 due to an alleged conflict with Brathwaite and that "everyone at this facility is aware of this conflict." (Complaint, ¶1)  Wallace's reason for leaving Brathwaite's building was because he was going out on medical leave, not due to a conflict with Brathwaite. (See Robert Wallace Affidavit attached hereto at Exh. A, ¶3).  Second, Brathwaite claims that four officers heard Wallace say that he was dissatisfied with Brathwaite's job performance and that he was going to fire him.  (Complaint, ¶3). The truth is, Wallace is the one who got Brathwaite hired for the position he presently holds. (Exh. A, ¶5). Moreover, Wallace has no complaints against Brathwaite regarding his job performance; however, other officers have complained to him that Brathwaite takes too long to lock in when he finishes his job. *Id.* Third, Brathwaite claims his legal and personal mail is being opened and tampered with and implies Wallace's involvement due to his "access to everyone's incoming and outgoing mail." (Complaint, ¶5).

     5.    Brathwaite has not shown a reasonable probability of success on the merits, as he has not provided any evidence, outside of his allegations, to support his claims of wrongdoing.  Wallace is not aware of any conflict with Brathwaite and categorically states that he was never transferred to another area of the facility to avoid contact with Brathwaite. (Exh. A, ¶3). Furthermore, if as Brathwaite alleges "everyone in the facility is aware of the conflict" his failure to provide evidence supporting this claim from one single person is incomprehensible.  Additionally, Brathwaite provides no documentation or the names of any of the alleged four officers who "heard" Wallace saying that he was going to fire Brathwaite from his job. Lastly, and in line with the allegations previously discussed, Brathwaite's mail opening and tampering claims are just blatantly false. (Exh. A, ¶6). Commencing in May, 2007, upon Wallace's return to

building #17, the logbook clearly reflects that Brathwaite signed for all of his legal mail and, moreover, failed to make any comments regarding the condition of his mail when he was provided every opportunity to do so. (See Incoming Legal/Certified Mail Log Sheet attached hereto at Exh. B).  At no time did Brathwaite ever check the box "Rec'd in Unit Open Condition," yet he alleges that he "has been receiving his legal mail and personal mail already open and tampered with." (Complaint, ¶5). As a general rule prisoner non-legal mail can be opened and read outside the inmate's presence, and does not violate the prisoner's constitutional rights. *Turner v. Safley,* 428 U.S. 78, 89 (1987); *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989). Although legal mail must be treated more cautiously, prison officials may also institute procedures for inspecting it. *Wolff v. McDonnell,* 418 U.S. 539, 576-77 (1974).

    There is nothing to support Brathwaite's allegations of a conflict between Wallace and him, or that Wallace is going to fire him from his job, or that his mail has been opened and tampered with. The evidence before this court contravenes all of Brathwaite's allegations and therefore, he has failed to demonstrate that he is likely to succeed on the merits of this case.

    6.    Brathwaite is also unable to meet the burden of the second factor; irreparable harm if relief is not granted.  The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and " it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b).
It is not clear what harm Brathwaite is alleging he suffered. Brathwaite presents several allegations but provides not one scintilla of evidence to support any of them.

7.  Nor has Brathwaite met his burden showing how granting the requested relief will not create a greater harm to Wallace or the DCC. Brathwaite's allegations are so wide ranging, that a grant of relief would infringe on Wallace and the Department of Correction's ability to run the DCC and cause this court to be overly involved in the prison's management. Lastly, Brathwaite has not demonstrated how granting him the requested relief is in the public interest. Prison regulations are related to a legitimate penological interest, and thus favor the public interest. Brathwaite's requested relief favors him alone and not the public interest. Brathwaite has failed to satisfy the factors for a temporary restraining order and/or preliminary injunction and therefore, his motion should be denied.

WHEREFORE, for the hereinabove reasons, Wallace requests the present motion be dismissed as Brathwaite has not established that he has met the necessary criteria for a temporary restraining order and/or injunctive relief.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us

Dated: July 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2007, I electronically filed *Defendant Robert Wallace's Opposition to Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction.* I hereby certify that on July 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Kevin C. Brathwaite, Inmate
SBI #315294
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, ID# 3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de..us