IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEVIN C. BRATHWAITE
   Plaintiff

V.               C.A. #04-1542-G.M.S.

MARCELLO Rispoli, ET.Al
   defendants

FILED

JUL 19 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PLAINTIFF's Reply to oppose SUMMARY Judgment, AND Proceed to trial

COMES NOW, The Plaintiff, Kevin C. Brathwaite, to oppose the defendants Motion for Summary judgment AND request to proceed to trial.

To support this brief this Plaintiff offers the following:

1. The defendants state that their Motion for SUMMARY judgment is

supported by rule 56 (c), simply because this PLAINtiff is UNAble to secure Affidavits from the Numerous Witnesses that will testify to the Facts of this case. These Witnesses are all Correctional officers. This PLAINtiff was UNAble to secure depositions from these Witnesses, AND the only way the Facts of this case can be proven by this PLAINtiff is through Witness testimony. During this PLAINtiffs deposition he did in fact give A list of these Witnesses. This PLAINtiffs efforts to get Access to these Witnesses is being MANipulated AND he cannot secure Affidavits from these Witnesses due to the fact that he is being kept Away from these Witnesses. In the interest of justice, these Witnesses must be heard or At the very minimum be deposed or give Affidavits to someone other than these defendants Attorney or Any other state employee.

How can this Plaintiff be
expected to produce evidence if
all of his efforts are being
sabotaged. As previously stated,
Pursuant to the department of
Corrections polices and procedures
of protocol, all officers present
during any incident is required
to submitt an incident report.
This Plaintiff Attempted to secure
these reports through discovery.
But he was told that the officers
present did not submitt incident
reports. The officers that this
Plaintiff Attempted to secure
incident reports, Affidavits and
or testimony from are as follows:
SGT. BOSTON
C/O TROXLER
C/O VERNON
C/O Lombardi
C/O Dodato
C/O Chesney
C/O Turner
C/O Stevens
C/O Layton
IN fact, this Plaintiff wrote

letters to each individual officer
requesting to speak to them and
secure affidavits from them.
All of these letters were
signed and mailed to each
officer by the building supervisor.
See exhibits, A — I. This
Plaintiff made every effort to
contact these witnesses.

2. WALLACE & STEVENSON — ASSAULT

The allegations made regarding
the razor are absolutely ridiculous.
As previously stated and never
denied by the defendants. The
razors are given to every inmate
every tuesday and saturday
between 8:00 A.M — 8:30 A.M and
are all collected at lunch time.
So if the razor is going to be
collected, why would this Plaintiff
have the razor in his underwear?
This Plaintiff has been using
these razors to shave twice
per week every week for over
six years and has never been

Accused of trying to keep, or not returning a razor. And when this incident took place this Plaintiff had soap on his head and face because he was using the razor to shave. So there is absolutely no way he could have had the razor in his underwear. Furthermore, all of this Plaintiffs underwear, Tee shirts and socks were all purchased from the commissary at the facility. And the commissary does not sell underwear with pockets. So when they say that the underwear had a pocket, it was a lie.

As for the affidavit of c/o Gregory Turner, his affidavit was vague and evassive. But at the same time it gives more support to the allegations made by this Plaintiff. c/o Turners affidavit was exactly four sentences. A far cry from the ficticious tale told by defendants, Wallace and Stevenson's affidavits.

IN Turners Affidavit he states
that Plaintiff was being Confrontational.
The confrontation was not physical,
it was verbal, just as stated by
this plaintiff in the original
Complaint, when he stated that
he continuously requested that a
Lieutenant be present during this
shakedown by Wallace, because
he had problems with Wallace in
the past. At No point in Turners
Affidavit did he ever state that
this plaintiff assaulted or even
attempted to assault anyone
as claimed by Wallace and
Stevensons false reports and
Affidavits. The reason c/o Turner
Never makes the claim in his
Affidavit is because this Plaintiff
was Never the Aggressor in
this Matter. The only confrontation
was by this Plaintiff was a verbal
Confrontation, because he was
being Adamant About Needing the
lieutenant to be present while
Wallace was shaking him down
because he wanted to avoid being

Mistreated by Wallace, as he
is known to do. Also, in
Turners Affidavit, it's very clear
that he leaves out a lot of
the details of this incident. So
there are too many unanswered
questions that needs answers.
The main question that needs
to be asked is, who physically
assaulted this plaintiff while
he was on the floor shackled
and handcuffed. To fairly
delegate this matter, these questions
can only be answered under
oath. If Turner, or any of
these other witnesses is asked
under oath, if this plaintiff was
assaulted while he was on the
floor handcuffed and shackled,
there is only one answer,
"Yes". If asked, did this
plaintiff ever resist, there is
only one answer, "No". A verbal
confrontation is not resisting.

3. MEDICAL

These defendants are trying to

Minimize the injuries that this Plaintiff suffered as a result of this assault. Nurse, Brenda Holwerda contacted the shift Commander to have pictures taken of this Plaintiffs injuries as this Plaintiff requested. The very next day Nurse, Ellen also contacted the shift Commander to take pictures of this Plaintiffs injuries. These injuries were a result of being assaulted while handcuffed and shackled, not being subdued. This fact can be proven through witness testimony.

4. CARPENTER, RISPOLI, & DUNN

Defendant Carpenter claims that this Plaintiff failed to submitt any evidence contravening Carpenters affidavit or any documentation supporting his allegations, and that he simply relies on the "testimony of other officers". If all of this Plaintiffs attempts to secure affidavits and documentation have

been curbed by the defendants
and their alies, and the testimony
of other officers brings clarity
to this matter, then the testimony
of other "honest officers" should
be sufficient and welcomed, if
it will expose the civil, criminal
and moral turpitude of these
defendants. Defendant Rispoli, claims
that, it's curious that this plaintiff
was able to identify him during
the assault that took place on
oct, 22nd, 04, but was unable to
identify any of the other three
officers that were involved.
this plaintiff knows who Rispoli
is and has no reason to make
an accussation against Rispoli
if it were not true. In fact,
up until this assault took place,
this plaintiff thought he had a
fairly decent line of mutual
respect and common courtesy with
Rispoli. But he clearly misjudged
Rispoli. The other three officers
were unknown to this plaintiff.
If he knew who these other

officers were, they would have
definitely been listed as
defendants.

5. The affidavits attached to
the first answering brief,
Exhibits A-D, clearly shows
a pattern of defendant Wallace's
practice of assaulting inmates while
they are shackled and handcuffed.
And should be given great weight
And consideration in determining
prior bad acts, and the clear
comparisons to the assault that
took place on Oct, 9th 2007.

6. The arguments contained in
this plaintiffs answering brief
are factual and this plaintiff
can positively identify the
assailants that assaulted him
And caused injury. Immunity
does Not apply.

7. Testimony Needed to establish the
truth. See: 934: F.Supp. 127
Evans V. Hennessy (D.Del 1996)

Wherefore, This Plaintiff
request that this honorable
Court deny the defendants Motion
For Summary Judgment And
Allow this case to proceed to
trial.

Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna De.
19977

DATED: July, 17th, 2007

TO: SGT. Boston

FROM: Kevin C. Brathwaite #315294

RE: Incident on Oct, 9th, 2004

DATE: March, 7th, 2007


SGT. Boston,

      I need to speak to you about the incident that took place in Bldg #17, on oct, 9th, 2004 and discuss the possibility of getting an affidavit from you. I am currently housed in Bldg #17-B-2-8. So would you please come to my unit to discuss this matter.

Recieved and mailed
By Sgt Clay on 3/7/07

Sincerely

c.c. File

Exhibit - A

TO: C/o Troxler

From: Kevin C. Brathwaite #315294

RE: Incident on Oct, 9th, 2004

DATE: March, 7th, 2007

C/o Troxler,
                    I need to speak to
you about the incident that took
place in Bldg #17, on Oct, 9th, 2004
and discuss the possibility of
getting an Affidavit from you.
I am currently housed in Bldg #17
B-L-8. So would you please come
to my unit to discuss this matter.

Recieved and mailed
By Sgt Clay on 3/7/07

Sincerely

C.C.
File

Exhibit - B

To: c/o Vernon

From: Kevin C. Brathwaite #315294

RE: Incident on Oct, 9th, 2004

Date: March, 7th, 2007


c/o Vernon

  I Need to Speak to you About the incident that took place on Bldg #17, on Oct, 9th, 2004 And discuss the possibility of getting An Affidavit From you. I Am currently housed in Bldg #17-B-L-8. So would you please come to my Unit to discuss this Matter.

Recieved And Mailed
By Sgt Clay on 3/7/07  Sincerely

C.C.
File   Exhibit-C

TO: C/O Lombardi

FROM: Kevin C. Brathwaite #315294

RE: Incident on Oct, 9th, 2004

DATE: March, 7th, 2007


C/O Lombardi,

    I Need to Speak to you about the incident that took place in Bldg # 17, on Oct, 9th, 2004 And discuss the possibility of getting an affidavit from you. I Am currently housed in Bldg#17-B-L-8. So would you please come to My Unit to discuss this Matter.

RECIEVED And mailed    Sincerely

By Sgt O'Ley on 3/7/07

C.C.
File       Exhibit- D

To: C/o DodAto

FROM: Kevin C. BrAthwAite #315294

RE: INcident oN OCT, 9th, 2004

DATE: MArch, 7th 2007


C/o DodAto,

     I Need to SpeAk to you About the incident that took place iN Bldg #17, oN OCT, 9th, 2004, And discuss the possibility of getting AN AffidAvit from you I Am currently housed iN Bldg #17— B-L-8. So would you pleAse come to my uNit to discuss this mAtter.

ReCIEVED AND MAILED BY
Sgt Clay oN 3/7/07

Sincerely

C.C. File

EXhibit- E

To: C/o chesney

From: Kevin C. Brathwaite    #315294

RE: Incident on Oct, 9th, 2004

DATE: March, 7th 2007


C/o chesney,

I Need to speak to you about the incident that took place in Bldg #17, on Oct, 9th, 2004 And discuss the possibilities of getting AN Affidavit From you. I Am currently housed in Bldg# 17- B- L-8. So Would you please come to My Unit to discuss this Matter.

RECIEVED AND MAILED
By Sgt Clay on 3/7/07

Sincerely

C.C.
    File                    Exhibit-F

To: c/o Turner

From: Kevin c. Brathwaite #315294

RE: Incident on Oct, 9th, 2004

DATE: March, 7th, 2007


c/o Turner,

    I need to speak to you about the incident that took place in Bldg #17, on oct, 9th, 2004 and discuss the possibility of getting an Affidavit from you. I am currently housed in Bldg # 17 B-C-8. So would you please come to my unit to discuss this matter.

Recieved and mailed by
Sgt Clay on 3/7/07

Sincerely

C.C. File

Exhibit - G

To: C/o STEVENS

FROM: Kevin C. BRAthWAIte #315294

RE: INCIDENT ON Oct, 9th, 2004

DATE: MArch, 7th, 2007

C/o STEVENS,

      I Need to Speak to you About the incident that took place iN Bldg # 18, oN Oct, 9th 2004 And discuss the possibility of getting AN AFFidAvit from you. I Am currently housed iN Bldg # 17-B-C-8. So Would you pleAse come to my UNit to discuss this MAtter.

RECIEVED AND MAiLED By Sgt Clay ON 3/7/07

Sincerely

C.C.
File

EXhibit-H

TO: c/o LAYTON

FROM: Kevin C. Brathwaite #315294

RE: INCIDENT ON OCT, 9th, 2004

DATE: MARCH, 7th, 2007

c/o LAYTON,

I need to speak to you about the incident that took place in Bldg # 18, on OCT, 9th, 2004 And discuss the possibility of getting AN Affidavit from you. I Am currently housed in Bldg # 17-B-L-8. So would you please come to my unit to discuss this matter.

RECIED AND MAILED BY SGT C.Lay
ON 3/7/07

Sincerely

C.C.
File                    Exhibit - I

Certificate of Service

I Kevin C. Brathwaite, states
that I have caused a copy of
the attached second reply to
oppose summary judgment to be
mailed to the following party
by way of the U.S. Postal
Service.


Ophelia Waters, Esq.
Atty Gen office
820 N. French St.
Wilmington De.
    19801




Kevin C. Brathwaite
1181 Paddock Rd.
Smyrna DE.
    19977

Dated: July, 17th 2007

I/M KEVIN C. BRATHWAITE

SBI# 315294 UNIT _____

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK

844 N. KING ST        Lockbox - 18

WILMINGTON DE

19801