IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN BRATHWAITE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1542-GMS |
| | ) | |
| MARCELLO RISPOLI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

COME NOW defendants Marcello Rispoli, Robert Wallace, Stephanie Carpenter and Matt Stevenson by and through their undersigned counsel, and hereby oppose Plaintiff Kevin Brathwaite's ("Brathwaite") motion for a preliminary injunction. In support of their position, Defendants represent as follows:

1. Brathwaite is a sentenced inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") at the Delaware Correctional Center, ("DCC") Smyrna, Delaware. On or about December 22, 2004, Brathwaite filed a Complaint pursuant to 42 U.S.C.§1983 with leave to proceed *in forma pauperis* alleging Eighth and Fourteenth Amendment violations against numerous medical and DCC personnel. (D.I. 2). Most of the defendants have been dismissed from this litigation except DOC defendants: Robert Wallace, Matt Stevenson, Stephanie Carpenter and Marcello Rispoli.

2. On or about June 1, 2007, defendants filed an Opening Brief in Support of their Motion for Summary Judgment. (D.I. 103). On or about June 15, 2007, Brathwaite filed an Answering Brief. (D.I. 104). Upon being granted a motion for enlargement of time, defendants filed a Reply Brief on or about July 9, 2007. (D.I. 111). Between Brathwaite's Answering Brief and Defendants' Reply Brief, Brathwaite filed a Motion for a Preliminary Injunction against the Defendants on or about June 29, 2007. (D.I. 110). This is Defendants' response in opposition.

3. In his motion, Brathwaite requests, "this honorable court issue an injunction to have his injuries properly treated." (Complaint, *passim* ). Brathwaite further claims that he has been suffering from the injuries that was [sic] a direct result of the assault that took place on October 9, 2004. *Id.*

4. "A party seeking a preliminary injunction has the burden of demonstrating (1) a reasonable likelihood of success on the merits; (2) irreparable harm caused by denial of the requested relief; . . . (3) that issuance of the injunction will not result in greater harm to the non-moving party; and (4) that the injunction will be in the public interest." *See Pappan Enterprises, Inc., v. Hardee's Food Systems, Inc.,* 143 F.3d 800, 803 (3d Cir. 1998) (citations omitted). The moving party must provide evidence sufficient to meet all four factors. *American Tel. & Tel Co., v. Winback & Conserve Program, Inc.,* 62 F.3d 1421, 1427 (3d Cir. 1997). The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and " it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b).

5. Brathwaite has alleged throughout this litigation that his dental problems, specifically the need for a root canal, is the result of the alleged assault by the defendants on or about October 9, 2004. (Complaint, *passim*). In an *Amended Complaint*, filed on or about March 21, 2005, Brathwaite claims that from October 10, 2004, the day after the alleged assault, through February 24, 2005, he was only allowed to brush his teeth three times a week causing him to develop dental problems "**where there was none prior to this abuse.**" (D.I. 9). In his *Motion to Expedite Proceedings* filed on or about October 24, 2006, Brathwaite stated, "The plaintiff has been told that he is in need of a root canal to correct the damage to his front teeth, **which was caused by the assault that took place October 9, 2004.**" (D.I. 83, ¶3). In his *Answering Brief* filed on or about June 15, 2007, Brathwaite writes that he made "numerous unsuccessful attempts to have his damaged teeth fixed **that were caused by the assault**." (D.I. 104). Then on or about June 27, 2007, Brathwaite filed a *Motion for Preliminary Injunction* claiming **"plaintiff has been suffering from the injuries that was [sic] a direct result of the assault that took place on October 9, 2004. This plaintiff has been told that he is in need of a root canal to correct the damage that was done to his front teeth……"** (D.I. 110).

6. In his motion, Brathwaite requests, "this honorable court grant this motion for injunctive relief and order that he receive a proper root canal and any other cosmetic procedure to repair all damage due to being untreated." *Id.* Brathwaite's motion presents nothing more than conclusory and patently false allegations; fails to state a causal nexus between the defendants and the actions alleged and fails to claim any irreparable injury.

7. Brathwaite offers no evidence supporting his claim that the alleged assault on October 9, 2004, has *any* connection with a root canal diagnosis. In fact, there is no

causal connection. Documents submitted by defendants show that Brathwaite has been aware of his dental problems for more than six years,[1] contravening his allegations that that these problems came to light on October 9, 2004.

Brathwaite filed a dental sick call slip on December 17, 2000, claiming; "front tooth very painful, possible infection." (See Exh. B). Three days later on December 20, 2000, Brathwaite filed a second dental sick call slip again claiming, "front tooth and gums very painful, possible infection." (See Exh. C). A month later, on January 17, 2001, and more than three years *before* the alleged assault, the basis of this complaint, Brathwaite was told a root canal would resolve his dental problem; however, medical was not permitted to perform that procedure. *Id.* The alternative was to extract #9, the infected tooth. (See Exh. D) The medical notes for that date reflect "inmate does not want ext (extraction) on tooth #9, explained that the infection will return on and off as long as the tooth remains untreated." *Id.* Brathwaite was given Motrin for discomfort and penicillin to prevent any further infection. *Id.* On March 6, 2001, Brathwaite had a follow up dental appointment where tooth #9 was again discussed. *Id.* Ms. Perdue of Correctional Medical Services ("CMS") explained to him that his diagnosis was irreversible and that the only in house treatment he could receive was to have #9 tooth extracted. *Id.* Brathwaite refused to have the extraction performed. *Id.* Brathwaite was then given more Motrin and penicillin. *Id.*

It appears from these same notes that the dental staff asked CMS administration if Brathwaite could be sent out of the facility to have the root canal performed but the

---

[1] Prison Health Services ("PHS) Dental Health Record for Brathwaite attached at Exhibit A, reflects that on February 14, 2000, Brathwaite claimed that he felt "pain to cold and sweets on teeth #9 and #10. On July 20, 2000, tooth #9 was diagnosed with an abscess. On August 16, 2000, for teeth #9 and #10, "inmate reports symptoms much improved."

request was denied as it was an unapproved procedure. *Id.* "Because problem with #9 is endodontic [2] in nature, periostat is not an approved treatment. This was explained to the inmate." *Id.*

8.  Brathwaite has not shown a reasonable probability of success on the merits, as he has not provided any evidence, outside of his allegations, to support his claims of wrongdoing. In fact, the evidence before this court demonstrates that Brathwaite knew more than six years ago, in March, 2001, that a root canal although Brathwaite's preferred form of treatment was not an option. Root canal procedure is elective and costly which is not approved or performed in any of the prison facilities. Up to this point, continued treatment with aspirin and penicillin when Brathwaite experiences discomfort appears to be sufficient; however, eventually extraction may be the only alternative for Brathwaite's problem.

9.  Brathwaite is also unable to meet the burden of the second factor; irreparable harm if relief is not granted. The "requisite feared injury or harm must be irreparable-- not merely serious or substantial" and " it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b). It is now almost six years since Brathwaite's teeth were examined and he was given a diagnosis and treatment for tooth #9. On July 23, 2007, Brathwaite was again examined by CMS Dentist, Dr. Arnold Mann. (Exh. E, Dr. Mann's Dental Examination and Treatment Plan). According to Dr. Mann, the x-ray of tooth #9 shows some root deterioration but is presently asymptomatic. *Id.* If the tooth is left untreated then

---

[2] <u>Endodontics</u> – branch of dentistry dealing with the prevention, diagnosis and treatment of diseases of the dental pulp. (root)  <u>Random House Webster's Dictionary</u>, 2001.

Brathwaite could experience mild to severe pain and/or swelling. *Id.* Dr. Mann's report also re-affirms that this treatment plan is based on the dental treatment parameters that CMS provides. *Id.* The "ideal" treatment of periodontal surgery, crowns and bridges are beyond the scope of CMS. *Id.* The occasional harm suffered by Brathwaite is due to his own resistance for refusing to follow through with an admittedly less desirable option.

      10.    Nor has Brathwaite met his burden showing how granting the requested relief will not create a greater harm to the defendants or the DCC. Granting Brathwaite's preliminary injunction motion would infringe on the Department of Correction's ability to form contracts with outside providers, to run the DCC and moreover, cause this court to be overly involved in the prison's management. Additionally, to permit one inmate this costly procedure would open the door to all inmates, an outcome an already strained DOC budget could not sustain. Lastly, Brathwaite has not demonstrated how granting him the requested relief is in the public interest. Prison regulations and contracts with outside providers are related to a legitimate penological interest, and thus favor the public interest. Brathwaite's requested relief favors him alone and not the public interest. Brathwaite has failed to satisfy the factors for a preliminary injunction and therefore, his motion should be denied.

WHEREFORE, for the hereinabove reasons, defendants request that Brathwaite's motion for preliminary injunction be dismissed.

|  |  |
|---|---|
|  | **DEPARTMENT OF JUSTICE**<br>**STATE OF DELAWARE** |
|  | /s/ Ophelia M. Waters<br>Ophelia M. Waters, I.D. #3879<br>Deputy Attorney General<br>Department of Justice |
| Dated: July 24, 2007 | Carvel State Bldg., 6th Floor<br>Wilmington, DE  19801<br>302-577-8400<br>ophelia.waters@state.de.us |

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed *Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.* I hereby certify that on July 24, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Kevin C. Brathwaite, Inmate
SBI #315294
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ophelia M. Waters
Ophelia M. Waters, ID# 3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
ophelia.waters@state.de.us