IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN BRATHWAITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1542-GMS |
| | ) | |
| ROBERT WALLACE, STEPHANIE | ) | |
| CARPENTER, and MATT STEVENSON | ) | Trial by Jury Demanded |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Kevin Brathwaite ("Plaintiff") and Defendants Robert Wallace, Stephanie Carpenter, and Matt Stevenson ("Defendants") stipulate, pursuant to Federal Rule of Civil Procedure 26(c) and D. Del. Local Rule 26.2, that the following applies to all discovery matters in this case:

1. This protective order shall govern all documents and information exchanged during this action including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admissions, and any other form of evidence or discovery contemplated under Rules 26-37 and 45 of the Federal Rules of Civil Procedure that contains any information generally unknown to the public. The documents and information governed by this protective order shall be collectively referred to as "Discovery Material."

2. The parties may designate Discovery Material as "Confidential" where such Discovery Material relates to non-public, sensitive, or confidential information,

including information that Defendants believe in good faith is confidential under 11 *Del. C.* § 4322. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page a legend which includes the words "CONFIDENTIAL."

    3.    The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality or otherwise as created by federal and state common and statutory law.

    4.    Any Discovery Material designated "Confidential" may be used only for purposes of preparation, trial, and appeal of this action, shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order. All "Confidential" Discovery Material shall be carefully maintained by the receiving party in secure facilities and access to such "Confidential" Discovery Material shall be permitted only to persons having access hereto under the terms of the Order, and shall not be disclosed to any other person without the prior written consent of the producing party or of the Court.

    5.    Discovery Material designated as "CONFIDENTIAL" may be made available only to the following persons who are informed of the existence of this Order:

    a.    Outside legal counsel for the parties, and supporting personnel employed by such counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks and/or private photocopying services, provided that such individuals are informed of the terms of this Order;

    b.    Independent experts or consultants retained by the parties to this litigation and their employees;

      c.      Employees of outside vendors providing copy services, document coding, image scanning, or the creation of any computer database from documents in connection with this litigation;

      d.      Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action; and

      e.      The Court, the Court's staff, and the jury in this litigation.

      f.      The individual Plaintiff, Kevin Brathwaite, shall not possess and/or copy any records and reports which are prohibited pursuant to 11 *Del. C.* §4322.

      g.      The individual parties, Kevin Brathwaite, Robert Wallace, Stephanie Carpenter, and Matt Stevenson, shall not have access to "Confidential" Discovery Material produced by the opposing party. However, in the event that outside counsel for the receiving party believes that it is necessary to disclose the producing party's "Confidential" Discovery Material to the individual parties, they may do so upon obtaining the written consent of the producing party. Such consent shall not unreasonably be withheld.

      h.      "Confidential" Discovery Material shall not be made available to any other person without prior leave of the Court or prior written consent of the producing party.

6.      All deposition testimony and all copies of any transcript shall initially be considered, as a whole, to constitute "Confidential" Discovery Material subject to this Order, and the original and all copies of such deposition transcripts shall be marked accordingly as CONFIDENTIAL" by the reporter until twenty-one (21) days after the producing party is notified that the transcript is available. After the expiration of the

twenty-one day period, the testimony and any transcripts of the deposition shall no longer be treated as "Confidential" unless the producing party specifically designated that such materials, or portions of such materials, be treated as "Confidential" on the record at the deposition or designates in writing that such materials, or portions of such materials, be treated as "Outside Counsel Eyes Only" or "Confidential" within the twenty-one day period.  The Producing Party shall designate the specific pages and lines of the transcript that contain information that should be treated as "Confidential," and each party shall attach a copy of the written statement so designating the testimony to the face of the transcript and each copy thereof in its possession, custody, or control.  If a party fails to designate a deposition in the required time period, that deposition testimony will not be considered confidential.  However, the deposition may still be designated confidential at a later date.

       7.     Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Stipulated Protective Order, counsel shall (a) use best efforts to obtain the return of any such Confidential Information; (b) promptly inform such person of all provisions of this Stipulated Protective Order; and (c) identify such person immediately to the producing party.

       8.     Nothing in this Order shall prevent a party from using any "Confidential" Discovery Material at trial or a hearing.  In the event that "Confidential" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "Confidential" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such

use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "Confidential" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Order. Where a party plans to use "Confidential" Discovery Material in a hearing or trial, that party shall make a good faith effort to notify opposing counsel at least 24 hours ahead of the hearing or trial and shall notify the Court at the outset of the proceeding that some portions of the evidence to be presented have been so designated.

9. Any party may testify concerning any material or information marked "CONFIDENTIAL" so long as there is no objection other than confidentiality to such testimony.

10. All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked "CONFIDENTIAL" shall be filed in sealed envelopes that bear the statement: "CONFIDENTIAL – FILED UNDER SEAL."

11. The inadvertent or unintentional failure by any party to designate specific Discovery Material as "Confidential" shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality as to such documents or information.

12. Within sixty (60) days after settlement or final judgment of this action, including the time for filing and resolution of all appeals, or such other period as the parties agree upon, each receiving party shall at its option either (a) return to the designating party or (b) destroy and certify such destruction to the designating party all documents, objects and other materials produced or designated as "Confidential" Discovery Material under this Order, and each receiving party shall destroy in whatever form, stored or reproduced, all other document objects and other materials that contain or

refer to "Confidential" Discovery Material, except that Outside Counsel shall be entitled to keep one electronic and one paper copy of all of the pleadings, court filings, discovery responses, expert reports, transcripts and exhibits.

13. Neither the designation of "Confidential" Discovery Material pursuant to this Order nor the receiving party's failure to oppose or challenge any such designation shall be construed as an admission that such information is, in fact, confidential information and shall not be admissible as evidence of that fact.

14. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. If a party becomes subject to a motion to disclose Discovery Material designated as "Confidential" pursuant to this order, the receiving party shall promptly notify the producing party of the motion so that the producing party may have the opportunity to appear and be heard on whether that information should be disclosed.

| FISH & RICHARDSON, P.C. | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
|---|---|
| /s/ Susan M. Coletti<br>Susan M. Coletti, I.D. # 4690<br>Timothy Devlin, I.D. # 4241<br>919 N. Market Street,<br>Suite #1100<br>P.O. Box 1114<br>Wilmington, DE  19899<br>(302) 652-5070<br>coletti@fr.com<br>tdevlin@fr.com<br>Attorneys for Plaintiff | /s/ Ophelia M. Waters<br>Ophelia M. Waters, I.D. # 3879<br>Stuart B. Drowos, I.D. # 427<br>Deputy Attorneys General<br>Carvel State Bldg.,<br>820 N. French Street, 6th Fl.,<br>Wilmington, DE  19801<br>(302)577-8400<br>ophelia.waters@state.de.us<br>stuart.drowos@state.de.us<br>Attorneys for Defendants |

Dated: August 8, 2008

SO ORDERED this ___ day of _____, 2008.

_____
Chief Judge United States District Court